## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

**EARL GAVIN,**                                                    Civil Action No: _____

Plaintiff,

v.

**LEXISNEXIS RISK SOLUTIONS, INC. and**

**EQUIFAX INFORMATION SERVICES, LLC,**

Defendants.                                              RCV'D – USDC COLA SC
                                                         DEC 22 '25 PM4:10

## DEMAND FOR JURY TRIAL

## COMPLAINT FOR DAMAGES

(Violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., Georgia Fair Business Practices Act, and Georgia Common Law)

Plaintiff Earl Gavin ("Plaintiff"), proceeding pro se, brings this Complaint against Defendants LexisNexis Risk Solutions, Inc. and Equifax Information Services, LLC ("Defendants"), and states as follows:

## 1. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. §1331 because Plaintiff brings claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 et seq.
2. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367 because those claims arise from the same nucleus of operative facts.
3. Defendant Equifax Information Services, LLC is headquartered in Atlanta, Georgia. Defendant LexisNexis Risk Solutions, Inc. is headquartered in Alpharetta, Georgia. Both regularly conduct business within this District.
4. Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391(b) because Defendants reside here and a substantial part of the events giving rise to the claims occurred within this District.

## 2. PARTIES

5. Plaintiff Earl Gavin is a natural person and consumer, residing in South Carolina, as defined under 15 U.S.C. §1681a(c).

6. Defendant Equifax Information Services, LLC ("Equifax") is a nationwide consumer reporting agency as defined by 15 U.S.C. §1681a(f).

7. Defendant LexisNexis Risk Solutions, Inc. ("LexisNexis") is a nationwide consumer reporting agency as defined by 15 U.S.C. §1681a(f).

## 3. FACTUAL ALLEGATIONS

8. On or about January 15, 2024, Plaintiff obtained his Equifax consumer report and discovered that Defendant(s) were publishing and furnishing a bankruptcy dated January 24, 2024.

9. Plaintiff contacted the U.S. Bankruptcy Court for the District of South Carolina, which confirmed in writing that bankruptcy courts do not furnish consumer data to credit reporting agencies.

10. Plaintiff never entered into a contract with Equifax and LexisNexis and never gave written permission for Defendants to obtain, use, publish, or disseminate his personal data.

11. Plaintiff has never entered into a contract with LexisNexis and has never given them written consent for the acquisition, use, or distribution of his personal or financial data.

12. LexisNexis obtained and disseminated Plaintiff;s personal data without a permissible purpose, in violation of federal law and Georgia's tort laws protecting personal privacy.

13. Defendant(s) failed to conduct a reasonable reinvestigation after Plaintiff's disputes, in violation of 15 U.S.C. 16811i and O.C.G.A 10-1-3938.

14. As of January 2024, Defendants have continued to furnish this bankruptcy data monthly to third parties, causing ongoing reputational and financial harm.

15. Plaintiff sent multiple letters via mail demanding proof of consent, but Defendant(s) never produced authorization

16. Defendant(s) has invaded Plaintiff's privacy and disclosed inaccurate private data.

17. LexisNexis obtained Plaintiff's private records without lawful authority.

18. Plaintiff sent Defendant(s) a letter via mail & through CFPB portal from the Bankruptcy Court stating that bankruptcy courts with Plaintiff name stating the courts do not report any consumer data to any credit reporting agencies.

19. Plaintiff accessed his LexisNexis consumer disclosure and found no record of a bankruptcy, despite it still appearing on consumer major consumer reports.

20. On or about June 30, 2025, Plaintiff forward notice of intent to sue via mail to defendant with efforts to resolve this matter without litigation. Along with a settlement opportunity, which was for 5 days from the receipt of the letter. As of to date, the defendant ignored the opportunity to settle prior to litigation.

21. September 29, 2025, Plaintiff mailed a Follow-Up on Bankruptcy Reporting Dispute to lexisnexis.

22. As of October, 2025, Equifax still showed Public Record Bankruptcy from allegedly validated by third party LexisNexis vendor.

## A. Plaintiff's CFPB Complaints Against Equifax and LexisNexis

23. Plaintiff submitted multiple disputes and consumer complaints to the Consumer Financial Protection Bureau "CFPB" regarding Equifax & LexisNexis's inaccurate bankruptcy reporting:

Equifax CFPB's Complaints

- 03/23/2024 – CFPB Case #240323-13717581
- 04/09/2024 – CFPB Case #240409-13887927
- 04/22/2024 – CFPB Case #240422-14035958
- 05/27/2024 – CFPB Case #240527-14625733
- 08/07/2025 – CFPB Case #250807-23004531
- 08/29/2025 – CFPB Case #250829-23622213
- 09/20/2025 – CFPB Case #250920-24270623

LexisNexis CFPB's Complaints

- Submitted to the CFPB on 3/23/2024 - case#:  240323-13717470
- Submitted to the CFPB on 8/11/2024    case #: 240811-15556997
- Submitted to the CFPB on 4/23/2025 -  case # : 250423-20300622
- Submitted to the CFPB on 6/3/2025 -   Case #: 250603-21265233
- Submitted to the CFPB on 8/10/2025 -  Case #: 250810-23064650
- Submitted to the CFPB on 8/29/2025  - Case # : 250829-23622929

24. Despite these filings, Equifax failed to delete, correct, or reinvestigate the false bankruptcy record.

## B. Plaintiff's Mailed Notices to Equifax

25. Plaintiff sent the following written notices to Equifax regarding method of verification and dispute compliance:

- September 3, 2025 – Notice of Pending Litigation (Failure to Provide Method Of Verification/MOV)
- September 20, 2025 – Final Demand – Method Of Verification/MOV / Bankruptcy Dispute

- October 17, 2025 – Continued Non-Compliance – Method Of Verification/MOV/Bankruptcy
- November 9, 2025 – Notice of Pending Arbitration & Final Opportunity to Resolve

26. Equifax ignored these notices and continued to furnish the false information.

## C. Plaintiff's Credit Denials & Harm

27. As a direct result of Defendants' inaccurate reporting, Plaintiff was denied credit:

- Wells Fargo – Denied April 27, 2024
- Chase Bank – Denied November 20, 2024

28. Plaintiff obtained his LexisNexis consumer file and confirmed LexisNexis showed no bankruptcy, proving Equifax was reporting inaccurate data.

29. Defendants' continued publication of the false bankruptcy has caused Plaintiff financial harm, reputational damage, emotional distress, and loss of credit opportunities.

## 4. CAUSES OF ACTION

## COUNT I – Violations of the Fair Credit Reporting Act (FCRA)

Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

15 U.S.C. §§ 1681b, 1681e(b), 1681i, 1681k, and 1681s-2(b)

(Against All Defendants)

30. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

31..Defendants violated §1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy.

32. Defendants violated §1681i(a) by failing to conduct a lawful reinvestigation after Plaintiff's disputes.

33.Defendants violated §1681k(a) by furnishing adverse public record information without proper notice.

34. Defendants violated §1681b by accessing, obtaining, or distributing Plaintiff's consumer report without a permissible purpose.

35. Defendants violated §1681s-2(b) by failing to reasonably investigate the disputes transmitted by the CFPB.

36. Defendants' actions were willful, entitling Plaintiff to statutory and punitive damages under §1681n.

## COUNT II – Georgia Fair Business Practices Act (GFBPA)

O.C.G.A. §10-1-390 et seq.

(Against All Defendants)

Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

37. Defendants' conduct constitutes unfair and deceptive practices affecting Georgia consumers and violating Georgia statutory law.

38. Defendants acted intentionally and in reckless disregard of Plaintiff's rights.

## COUNT III – Invasion of Privacy

(Public Disclosure of Private Facts – Georgia Common Law)

(Against All Defendants)

Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

39. Defendants willfully and without consent accessed, published, and disseminated Plaintiff's personal information to third parties.

40. The disclosure was highly offensive and caused emotional and reputational harm.

## COUNT IV – Negligence

(Against All Defendants)

41. Defendants owed Plaintiff a duty to maintain accuracy and protect his personal information.

42. Defendants breached that duty by publishing false bankruptcy data.

43. As a direct result, Plaintiff suffered damages including denial of credit, emotional distress, and reputational injury.

## COUNT V – Failure to Provide Method of Verification (FCRA §1681i(a)(6)(B)(iii))

(Against Defendant Equifax Only)

Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

## A. Statutory Basis

44. Under 15 U.S.C. §1681i(a)(6)(B)(iii), when a consumer requests it, a consumer reporting agency must provide the "method of verification" used to verify disputed information.

1.  The FCRA expressly provides that a CRA must disclose:

"a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of any furnisher contacted and the telephone number of such furnisher."

This is commonly known as the Method of Verification (MOV) requirement.

## B. Plaintiff's MOV Requests to Equifax

45. Plaintiff lawfully exercised his rights under §1681i by demanding the Method of Verification for the reported bankruptcy.

46. Plaintiff made repeated written requests to Equifax for MOV on the following dates:

- September 3, 2025 – Notice of Pending Litigation: Failure to Provide MOV
- September 20, 2025 – Final Demand for MOV / Bankruptcy Dispute
- October 17, 2025 – Continued Non-Compliance: MOV / Bankruptcy
- November 9, 2025 – Notice of Pending Arbitration & Final Opportunity to Resolve

47. Each of Plaintiff's MOV requests was sent via mail and received by Equifax.

## C. Equifax's Unlawful Non-Compliance

48. Equifax did not provide Plaintiff with any description of the procedure used to verify the bankruptcy.

49. Equifax did not identify any furnisher, any source, any verification procedure, or any data-handling process.

50. Equifax did not provide the business name, address, or phone number of any entity allegedly used to verify the bankruptcy.

51. Equifax ignored every MOV request, even though Plaintiff's multiple CFPB complaints placed Equifax on notice of the continuing dispute.

52. Equifax's refusal constitutes a direct violation of:

- 15 U.S.C. §1681i(a)(6)(B)(iii) (failure to disclose MOV upon request)
- 15 U.S.C. §1681i(a)(1) (failure to reinvestigate disputed information)
- 15 U.S.C. §1681e(b) (failure to maintain reasonable procedures for accuracy)

## D. MOV Damages

53. As a direct and proximate result of Equifax's refusal to provide MOV, Plaintiff suffered:

- Continued publication of false bankruptcy information
- Denial of credit and funding opportunities
- Emotional distress
- Reputational damage
- Ongoing harm from Equifax's refusal to correct or verify the data
- Unnecessary time, expense, postage, and repeated disputes

## E. Willfulness

54. Equifax's failure to provide MOV after four written requests and multiple CFPB complaints demonstrates:

- Willful noncompliance under 15 U.S.C. §1681n, OR
- Negligent noncompliance under 15 U.S.C. §1681o

55. Equifax acted with reckless disregard for Plaintiff's statutory rights.

## F. Relief Requested

Plaintiff seeks statutory, actual, and punitive damages against Equifax for its failure to provide Method of Verification as required by the FCRA.

## DAMAGES

As a proximate result of Defendants' unlawful acts, Plaintiff suffered:

• Denial of credit

• Financial loss and lost funding opportunities

• Emotional distress and mental anguish

• Damage to reputation

- Costs of disputes, mailings, and time lost

- Ongoing harm from continued misreporting

## 6. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award:

1. Actual damages pursuant to 15 U.S.C. §§1681n and 1681o
2. Statutory damages for willful violations
3. Punitive damages
4. General damages for emotional and reputational harm
5. Injunctive relief, including an Order requiring Defendants to:
   - Delete the inaccurate bankruptcy
   - Correct Plaintiff's consumer reports
   - Cease all unlawful data dissemination
6. Pre-judgment and post-judgment interest
7. Costs of litigation
8. Any additional relief the Court deems just and proper

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

EARL GAVIN