IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

EARL GAVIN,

        Plaintiff,

    v.

LEXISNEXIS RISK SOLUTIONS, INC. and
EQUIFAX INFORMATION SERVICES,
LLC,

        Defendants.

Case No. 7:25-cv-13975-DCC-WSB

**DEFENDANT EQUIFAX INFORMATION
SERVICES LLC'S MOTION TO SET
ASIDE DEFAULT**

Defendant Equifax Information Services LLC ("Equifax"), by undersigned counsel, hereby files its Motion to Set Aside Clerk's Entry of Default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and shows the Court as follows.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Pro se* Plaintiff Earl Gavin ("Plaintiff") filed his Complaint in this action on December 22, 2025. ECF No. 1. On January 23, 2026, Plaintiff filed an Affidavit of Service, indicating that Equifax was served via certified mail at 1500 Peachtree Street N.W.; Atlanta, GA 30309. ECF. No. 10. Plaintiff attached a certified mail receipt showing that *someone* (though the signature is illegible) signed for the document at 1500 Peachtree Street.

On February 9, Plaintiff filed a Request for Entry of Default and Declaration in Support, claiming that Equifax had been served on January 12, and had a responsive deadline of February 2, but had "failed to plead, answer, move, or otherwise defend this action." ECF No. 17 at p. 1. On April 30, the clerk entered default against Equifax. ECF No. 25.

Equifax does not maintain an office at 1500 Peachtree Street and is not otherwise affiliated with that address. No employee of Equifax signed for the summons when it was delivered to 1500

Peachtree Street. In fact, Equifax was unaware of this litigation until the Clerk mailed the Entry of Default to Equifax's correct address of 1550 Peachtree Street, which Equifax only received this week.

Attached hereto as Exhibit A is the Affidavit of Alicia DeBonis ("DeBonis Aff."), a manager at Equifax's registered agent, Corporation Service Company ("CSC"). As set forth therein, CSC has never maintained an office located where Plaintiff purports to have served Equifax. CSC also has no records of being served in this matter. *Id.* at ¶¶ 6-11. Plaintiff's purported service of Equifax was improper because he has not served Equifax or its registered agent. Therefore, good cause exists to set aside the Clerk's Entry of Default.

Also, Equifax has multiple and various meritorious defenses to Plaintiff's Complaint. Indeed, Equifax's answer reflects this and sets forth various denials of Plaintiff's allegations and several defenses against Plaintiff's complaint. Answer, *in passim*, attached hereto as Exhibit B. Equifax intends to file a motion for judgment on the pleadings, but files this Answer given the entry of default.  Finally, given the Fourth Circuit's strong policy to decide cases on the merits, the appropriate course is to allow Equifax to answer the Complaint. Accordingly, Equifax's motion should be granted, with the default set aside and the Clerk docketing Equifax's answer.

## **LEGAL STANDARD**

Although a Clerk's Entry of Default has been entered, no *default judgment* has been entered under Rule 55(b).  "[I]f a motion to set aside has been filed after a default has been entered under Rule 55(a), but before a default judgment has been issued under Rule 55(b), it should be considered under Rule 55(c) rather than under Rule 60(b)." *Carbon Fuel v. USX Corp.*, No. 97-1995, 1998 U.S. App. LEXIS 18191 (4th Cir. 1998).

2

Federal Rule of Civil Procedure 55(c) provides that "for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Although Rule 55 does not define the term "good cause," courts in this Circuit have construed the rule as meaning that "[a] default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Esteppe v. Patapsco & Back Rivers Railroad Co.*, No. Civ. H-00-3040, 2001 WL 604186, *3 (D. Md. May 31, 2001) (quoting *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)); *Wainwright's Vacations, LLC v. Pan American Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001) ("a party attempting to set aside an entry of default must act with reasonable promptness in responding to the entry of default and provide underlying facts in support of a claim of meritorious defense").

"District courts in the Fourth Circuit have applied a somewhat more lenient standard to Rule 55(c) motions than to Rule 60(b) motions." *Mezu v. Morgan State Univ.*, No. CIV.A. WMN-09-2855, 2010 WL 1068063, at *5 (D. Md. Mar. 18, 2010). Indeed, this Court must liberally construe Rule 55(c) "in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). It is "well-established that a court, in considering a motion like the one now pending here, should be guided by the clear policy of the Federal Rules of Civil Procedure to encourage the disposition of claims on their merits." *Esteppe,* 2001 WL 604186, at *2. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951 (4th Cir. 1987) ("In sum, an extensive line of decisions has held that Federal Rule of Civil Procedure 55(c) must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.") (internal citations and quotations omitted). "[A]ny doubts about

3

whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson*, 411 F.2d at 130.

## ARGUMENT & CITATION TO AUTHORITY

### A.    Equifax Acted Promptly To Set Aside the Entry of Default.

Equifax did not first learn that the clerk had entered default against it until approximately May 4, 2026, when it received the Clerk's mailing. ***Immediately*** upon learning of the default, Equifax's in-house counsel retained this firm, which immediately obtained the pleadings and prepared this motion.

Courts evaluate whether a party has acted with reasonable promptness "in light of the facts and circumstances of each occasion." *Esteppe*, 2001 WL 604186, at \*3 (citing *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)).  Based on the foregoing facts, there can be no question that Equifax has acted with reasonable promptness to vacate the entry of default in this case.  *See e.g., Mezu,* 2010 WL 1068063 at \*6 (granting a motion to set aside default about 30 days after receiving show cause order).

### B.    Equifax Has Meritorious Defense to Plaintiff's Claims.

To establish a meritorious defense, the moving party should proffer evidence which would permit a finding for the defaulting party.  *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 812 (4th Cir. 1988).  The inquiry merely concerns "whether there is some possibility that after a full trial the outcome will be contrary to the result achieved by the default." *Esteppe*, 2001 WL 604186 at \*3 (citing *Id.*).  "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which if believed, would permit either the Court or jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1987). The party need only provide enough evidence so that the court can determine "whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the

4

default." *Augusta,* 843 F.2d at 812 (internal citation omitted). "[T]he moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor." *Wainwright's*, 130 F. Supp. 2d at 718.

As detailed *supra*, Equifax's preliminary defense is that there was improper service which prevents the Court from exercising personal jurisdiction over Equifax in this matter. Based on a cursory review of Plaintiff's Complaint, Equifax also believes that it has substantive defenses to Plaintiff's claims, which appear to be frivolous. Plaintiff's entire case rests on the faulty premise that Equifax is not permitted to report his bankruptcy filing. This is simply false. *See Nagim v. Equifax Info. Servs., LLC*, No. 11-1233, 2011 WL 5222889 (10th Cir. Nov. 3, 2011) ("Plaintiff's claims seem to arise out of his belief that the FCRA and unspecified bankruptcy laws restrict consumer reporting agencies from including any information relating to bankruptcy and discharged or closed accounts. To put it simply, Plaintiff is mistaken."). Plaintiff tries to use this premise to give life to a claim under 15 U.S.C. § 1681i. But liability under this subsection is only triggered when "the completeness or accuracy [of the information] . . . is disputed by the consumer . . . ." *Bruce v. Pentagon FCU*, No. 2:22-cv-02211-BHH-MGB, 2024 WL 4693296, at *9 (D.S.C. Sep. 26, 2024). Plaintiff also requests injunctive relief, even though the FCRA does not allow for a private right of action for injunctive relief. *Berry v. Schulman*, 807 F.3d 600, 610 (4th Cir. 2015). And finally, Plaintiff's state law and common law claims against Equifax are preempted by the FCRA. *See Ross v. F.D.I.C.*, 625 F.3d 808, 813 (4th Cir. 2010) (finding the plaintiff's state law claims preempted by the FCRA and finding that common law claims, including invasion of privacy, are preempted by the FCRA). Accordingly, because Equifax has meritorious defenses to Plaintiff's claims, the entry of default should be set aside.

### C.    No Prejudice to Plaintiff.

Setting aside the default will not prejudice Plaintiff.    "When deciding whether to vacate default, as in many other contexts, simple delay does not, in and of itself, constitute prejudice to the opposing party."  *Russell v. Krowne*, No. CIV.A. DKC 08-2468, 2013 WL 66620, at *3 (D. Md. Jan. 3, 2013) ("the mere passage of one year between the entry of default and Defendants' motion does not prejudice Plaintiffs in litigating this case.").  *See Davey Tree Expert Co. v. Moon Site Mgmt., Inc.*, No. CCB-19-1220, 2020 WL 230895, *3 (D. Md. Jan. 15, 2020) ("But less than six months had passed since the filing of the Complaint, and [plaintiff] does not contend that [defendant's] delayed action in this case caused it any prejudice.  Thus, there is no basis for me to conclude that setting aside the judgment will cause unfair prejudice to [plaintiff].").

Here, it is Plaintiff who appears to have served the incorrect registered agent.  Any delay arises from that incorrect service. Further, to the extent that Plaintiff claims that he expended resources in order to obtain the default, this is insufficient to establish prejudice.  *First Am. Fin. Corp. v. Homefree USA, Inc*., No. 1:12-CV-02888-ELH, 2013 WL 2902856, at *4 (D. Md. June 12, 2013), *report and recommendation adopted,* No. CIV.A. ELH-12-2888, 2013 WL 6080178 (D. Md. July 8, 2013) (fact that plaintiff "expended resources in order to obtain an entry of default, this alone is not sufficient prejudice to preserve a default in the face of a motion to vacate"). Finally, there is no evidence that Equifax engaged in dilatory conduct with respect to service of process or the Entry of Default.

### CONCLUSION

For the reasons set forth herein, Equifax respectfully requests the Court grant its Motion, set aside the default, demand that Plaintiff provide credible proof of proper service of process upon Equifax, and grant all other relief as the Court deems appropriate.

DATED:  May 14, 2026

Respectfully submitted,

WYCHE, P.A.


By:  */s/ Rita Bolt Barker*

Rita Bolt Barker (Fed. ID No. 10566)
rbarker@wyche.com
WYCHE, P.A.
200 East Broad Street, Suite 400
Greenville, South Carolina 29601
Telephone: (864) 242-8235
Facsimile:  (864) 235-8900

*Counsel for Defendant*
*Equifax Information Services LLC*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2026, I presented the foregoing DEFENDANT

EQUIFAX INFORMATION SERVICES LLC'S MOTION TO SET ASIDE DEFAULT with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to all

counsel of record.  A copy has also been sent via U.S. Mail to the following:

> Earl Gavin, *plaintiff pro se*
> P.O. Box 475
> Gaffney, South Carolina 29342

*/s/ Rita Bolt Barker*
Rita Bolt Barker
*Counsel for Defendant*
*Equifax Information Services LLC*

8