MAY 26 2026 AM 10:51
USDC GREENVILLE SC

# PLAINTIFF'S OPPOSITION TO DEFENDANT EQUIFAX'S MOTION TO SET ASIDE ENTRY OF DEFAULT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

EARL GAVIN,
Plaintiff,

v.

LEXISNEXIS RISK SOLUTIONS, INC. and
EQUIFAX INFORMATION SERVICES, LLC,
Defendants.

**Case No.** 7:25-cv-13975-DCC-WSB

Plaintiff Earl Gavin ("Plaintiff"), proceeding pro se, respectfully submits this Opposition to Defendant Equifax Information Services LLC's ("Equifax") Motion to Set Aside Entry of Default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure and states as follows:

## I. INTRODUCTION

Defendant Equifax seeks relief from the Clerk's Entry of Default after failing to timely respond to Plaintiff's Complaint.

Equifax attempts to avoid default by alleging improper service and asserting generalized defenses. However, Defendant has failed to establish good cause under Rule 55(c). Defendant received notice of this action, failed to timely appear, failed to exercise diligence, and has not presented sufficient evidence warranting relief from default.

Further, Plaintiff would suffer prejudice if the default is set aside due to the continued reporting of inaccurate bankruptcy information, ongoing emotional distress, and additional litigation costs caused by Defendant's delay.

Accordingly, Defendant's Motion should be denied.

## II. ARGUMENT

A. Defendant Has Failed to Establish Good Cause Under Rule 55(c)

Under Rule 55(c), the burden rests upon Defendant to establish good cause for setting aside the Clerk's Entry of Default.

Although courts favor resolving disputes on the merits, default should not be set aside where the defaulting party:

- failed to exercise reasonable diligence,
- failed to timely respond,
- or failed to present sufficient evidence of excusable neglect.

Equifax is a sophisticated nationwide consumer reporting agency that routinely litigates Fair Credit Reporting Act ("FCRA") matters and possesses substantial legal and compliance resources. Defendant cannot credibly claim confusion or lack of sophistication concerning service of process or litigation obligations.

B. Defendant Had Notice of the Lawsuit and Failed to Timely Respond

Defendant Equifax claims that it was not properly served with the summons and complaint. However, Plaintiff mailed the summons and complaint to the same Peachtree Street address where Plaintiff later mailed additional filings in this case, including the motion for default judgment and related pleadings.

Notably, Defendant acknowledges receiving Plaintiff's later filings sent to that same address, yet now claims that it did not receive the summons and complaint previously mailed there. This inconsistency undermines Defendant's assertion that it lacked notice of the action.

Further, Defendant is a sophisticated nationwide corporation with established procedures for handling legal correspondence and litigation matters. Any alleged internal failure to properly route or process legal mail after delivery should not excuse Defendant's failure to timely appear or respond in this action.

At minimum, the circumstances demonstrate that Defendant had constructive notice of this litigation and failed to exercise reasonable diligence in responding before entry of default.

Despite being aware of the litigation, Defendant failed to promptly appear prior to the Clerk's Entry of Default entered on April 30, 2026.

C. Defendant Has Not Presented a Sufficient Meritorious Defense

To justify relief under Rule 55(c), Defendant must present specific facts constituting a meritorious defense.

Here, Defendant merely provides generalized denials and conclusory assertions.

Defendant fails to adequately address:

- Plaintiff's repeated CFPB complaints,
- Plaintiff's multiple written disputes,
- Defendant's failure to provide Method of Verification ("MOV"),
- Defendant's continued reporting after notice of dispute,
- and Plaintiff's evidence that the bankruptcy court does not furnish consumer data to credit reporting agencies.

Plaintiff's Complaint alleges ongoing violations of:

- 15 U.S.C. §1681e(b),
- 15 U.S.C. §1681i,
- 15 U.S.C. §1681k,
- and §1681i(a)(6)(B)(iii).

Defendant's conclusory statements do not sufficiently rebut Plaintiff's factual allegations.

## D. Plaintiff Will Suffer Prejudice if Default Is Set Aside

Plaintiff will suffer substantial prejudice if default is vacated.

Defendant's continued delay prolongs:

- publication of inaccurate bankruptcy information,
- emotional distress,
- reputational injury,
- loss of credit opportunities,
- and financial harm.

Plaintiff has already expended substantial time and resources pursuing:

- CFPB complaints,
- written disputes,
- certified mailings,
- requests for verification,

- and default proceedings.

Additionally, Defendant's delay has forced Plaintiff to continue litigating matters that Defendant ignored for an extended period despite repeated notice.

## E. Defendant's Failure Was Within Its Reasonable Control

Defendant attempts to characterize the failure to respond as an issue of service.

However, Equifax is a sophisticated corporation with:

- registered agents,
- legal departments,
- litigation counsel,
- and established procedures for handling lawsuits.

Defendant's failure to timely appear was within its reasonable control and does not constitute excusable neglect.

# III. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court:

1. DENY Defendant Equifax Information Services LLC's Motion to Set Aside Entry of Default;
2. Maintain the Clerk's Entry of Default entered on April 30, 2026;
3. Permit Plaintiff to proceed with default judgment proceedings;
4. Award any additional relief deemed just and proper.

Respectfully submitted,

Earl Gavin
Plaintiff Pro Se
PO Box 475 Gaffney, SC 29342
Email: egav1986@proton.me
Phone: 864-381-7289

Date: May 21, 2026