UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Earl Gavin, | ) | C/A No. 7:25-cv-13975-DCC-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LexisNexis Risk Solutions, Inc., | ) | |
| Equifax Information Services, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the *pro se* Plaintiff's Motion for Default Judgment (ECF

No. 27) and Equifax Information Services, LLC's ("Equifax") Motion to Set Aside Entry of

Default (ECF No. 29).[1]  Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(g)

---

[1] District Courts within the United States Court of Appeals for the Fourth Circuit have concluded that a motion to set aside a clerk's entry of default is considered a non-dispositive motion that a magistrate judge can decide directly under 28 U.S.C. § 636(b)(1)(A), rather than addressing by report and recommendation under 28 U.S.C. § 636(b)(1)(B).  *See, e.g.*, *Pendarvis v. Wilson*, C/A No. 2:22-cv-03142-BHH-MHC, 2023 WL 11988173, at *1 n.1 (D.S.C. Feb. 3, 2023); *Singleton v. Stirling*, C/A No. 9:21-cv-03820-JMC-MHC, 2022 WL 1558886, at *1 (D.S.C. May 5, 2022) ("'A motion to set aside a Clerk's entry of default ... is considered a non-dispositive motion that a Magistrate Judge can decide directly under 28 U.S.C. § 636(b)(1)(A), rather than addressing by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).'" (citation omitted)); *Thomas v. Allen Lund Co., Inc.*, C/A No. 1:17-cv-1031, 2018 WL 1320381, at *1 (M.D.N.C. Mar. 13, 2018) ("The Entry of Default (and thus the decision whether to set aside such entry) qualifies as a non–dispositive pretrial matter subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)."); *Nance v. Moody*, C/A No. 1:17-cv-957, 2018 WL 11212889, at *1 (M.D.N.C. May 7, 2018) ("The Entry of Default and the Motion to Set Aside Entry of Default are non-dispositive matters, and magistrate judges in this Circuit therefore proceed on such matters by order rather than recommendation."); *but see Regan v. Palmetto Prince George Operating, LLC*, C/A No. 2:10-cv-1810-RMG-BM, 2010 WL 11552865, at *1 (D.S.C. Oct. 20, 2010) (finding a motion to set aside a default was a dispositive motion), *R&R adopted by* C/A No. 2:10-cv-1810-RMG, 2010 WL 11552863 (D.S.C. Nov. 29, 2010); *Eaker v. Overturf*, C/A No. 1:07-cv-608, 2008 WL 2945454, at *1 (M.D.N.C. July 25, 2008) ("It is not as clear whether a Rule 55(c) motion to set aside entry of default is a dispositive motion.").  The undersigned follows the recent cases finding a magistrate judge has the authority to set aside default as a non-dispositive matter by an order.

(D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in employment discrimination cases.  For the reasons below, Equifax's Motion to Set Aside Default is granted and Plaintiff's Motion for Default Judgment is found moot.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on December 22, 2025.  ECF No. 1. The Court issued an Order dated December 29, 2025, authorizing service of process.  ECF No. 7.[2] The Clerk of Court issued a Summons that same day.[3]  ECF No. 8.  Service was therefore due by March 30, 2026.  *Id.*

On January 23, 2026, Plaintiff filed a Summons Returned Executed, indicating Equifax was served with the Summons and Complaint on January 12, 2026, making Equifax's Answer due February 2, 2026.[4]  ECF No. 10; 10-1.  Equifax did not file an Answer by the due date.

On February 29, 2026, Plaintiff filed a Request for Entry of Default, along with a Declaration in support.  ECF Nos. 17; 17-1.  On April 30, 2026, the Clerk made an Entry of Default as to Equifax.  ECF No. 25.  The Clerk's Entry of Default was mailed to Equifax at 1550 Peachtree Street NW, Atlanta, GA 30309, and also to the registered agent for Equifax (Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092).  ECF No. 26.

---

[2] Defendant LexisNexis Risk Solutions, Inc. ("LexisNexis") was served with the Summons and Complaint on January 12, 2026.  ECF No. 10.  LexisNexis filed a Motion to Dismiss on February 23, 2026.  ECF No. 18.  That motion remains pending and is not addressed herein.

[3] The Summons issued by the Clerk listed as Equifax's address "1500 Peachtree Street N.W., Atlanta GA, 3039."  ECF No. 8 at 2.

[4] The Affidavit of Service states that Equifax was served at "1500 Peachtree Street N.W., Atlanta GA, 3039" by U.S. mail.  ECF No. 10 at 1.  Plaintiff attached a certified mail receipt listing that address.  ECF No. 10-1 at 2.

On May 14, 2026, Plaintiff filed a Motion for Default Judgment as to Equifax.  ECF No. 27.  That same day, counsel for Equifax filed a Notice of Appearance and a Motion to Set Aside Default.  ECF Nos. 28; 29.  Equifax attached a proposed Answer to the Motion.  ECF No. 29-2. Plaintiff filed a Response in Opposition to Equifax's Motion on May 26, 2026.  ECF No. 31.

**Allegations in the Complaint**

The Complaint asserts claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, as well as state law claims.  ECF No. 1.  Plaintiff alleges that Defendants are unlawfully reporting bankruptcy data to third parties, despite Plaintiff's attempts to have them cease doing so.  *Id*.

**APPLICABLE LAW**

**Rule 55(a) – Entry of Default and Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails "to plead or otherwise defend" in accordance with the Rules.  Fed. R. Civ. P. 55(a).  "Although the clear policy of the Rules is to encourage dispositions of claims on their merits, *see Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974), trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom."  *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citing Fed. R. Civ. P. 55(c), 60(b)).  Rule 55(a) states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a); *see Eagle Fire, Inc. v. Eagle Integrated Controls, Inc.*, C/A No. 3:06-cv-264, WL 1720681, at *5 (E.D. Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment.").

After the clerk enters a default, the party may seek a default judgment under Rule 55(b), which "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise

3

defend' in accordance with the Rules." *Moradi,* 673 F.2d at 727. Default judgments are generally disfavored in the Fourth Circuit. *Tazco, Inc. v. Dir., OWCP*, 895 F.2d 949, 950 (4th Cir. 1990).

**Rule 55(c) – Setting Aside the Entry of Default**

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). A district court has broad discretion in deciding whether to set aside a clerk's entry of default. *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969). The Fourth Circuit has explained that relief from "default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." *Moradi*, 673 F.2d at 727; *see Tolson*, 411 F.2d at 130 ("Rules 55(c) and 60(b) are to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments."). "It is beyond cavil that a motion for relief made pursuant to Rule 55(c) must be construed liberally." *Rasmussen v. Am. Nat. Red Cross*, 155 F.R.D. 549, 551 (S.D.W. Va. 1994) (citing *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 954 (4th Cir. 1987)).

<u>**ANALYSIS**</u>

**Equifax's Motion to Set Aside Default**

The Court begins by considering Equifax's Motion to Set Aside Default. ECF No. 29. Equifax seeks to set aside the Clerks' Entry of Default pursuant to Rule 55(c). *Id*. at 1. Equifax argues good cause exists to set aside the entry of default, that Plaintiff failed to properly serve Equifax, and that Equifax has a meritorious defense to Plaintiff's claims. *Id*. at 1–2. Equifax explains that it "does not maintain an office at 1500 Peachtree Street"—the address at which Plaintiff purportedly served Equifax—"and is not otherwise affiliated with the address. No

4

employee of Equifax signed for the summons when it was delivered to 1500 Peachtree Street.  In fact, Equifax was unaware of this litigation until the Clerk mailed the Entry of Default to Equifax's correct address of 1550 Peachtree Street . . ."  *Id*.  Equifax has attached to the Motion the Affidavit of Alicia Debonis, a manager at Equifax's registered agent, Corporation Service Company ("CSC"), who states that CSC has never maintained an office located where Plaintiff purports to have serve Equifax and CSC has no records of being served in this matter.  ECF No. 29-1.  Equifax argues that Plaintiff's effort at service of Equifax was improper because he did not serve Equifax or its registered agent and, therefore, good cause exists to set aside the Clerk's Entry of Default.  ECF No. 29 at 2.  Equifax also explains that it has multiple meritorious defenses to Plaintiff's Complaint, citing to its attached proposed Answer.  *Id*.

In Response, Plaintiff argues that Equifax's Motion should be denied because it has failed to meet its burden of demonstrating good cause under Rule 55(c).  ECF No. 31.  Plaintiff contends that Equifax actually "received notice of this action, failed to timely appear, failed to exercise due diligence, and has not presented sufficient evidence warranting relief from default."  *Id*. at 1.  Plaintiff also asserts that he will suffer prejudice if the default is set aside "due to the continued reporting of inaccurate bankruptcy information, ongoing emotional distress, and additional litigation costs caused by Defendant's delay."  *Id*.

### *Requirement of Good Cause*

As stated above, Rule 55(c) provides "[t]he court may set aside entry of default for **good cause**."  Fed. R. Civ. P. 55(c) (emphasis added).  The Fourth Circuit has identified a number of factors for courts to consider in deciding whether to set aside default entries, including "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history

5

of dilatory action, and the availability of sanctions less drastic." *Payne ex. rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

> In short, the factors that determine whether an entry of default should be set aside include (1) the promptness of the defaulting party, (2) the presence or absence of a meritorious defense, (3) whether the party or counsel bears the responsibility for the default, (4) the prejudice that would result to the innocent party, (5) whether the defaulting party has a history of dilatory conduct, and (6) the availability of sanctions less drastic. All of these factors should be applied more leniently when the action is one under Rule 55 as opposed to one under Rule 60, and the court should always keep an eye toward the preference for meritorious resolutions of disputes.

*Colleton Preparatory Academy, Inc. v. Beazer East, Inc.*, 223 F.R.D. 401, 406 (D.S.C. 2004). Because default judgment has not been entered, Defendant's "motion to set aside the entry of default is governed by the liberal 'good cause' standard rather than by the more restrictive standard of Fed. R. Civ. Pro. 60(b)." *Rasmussen*, 155 F.R.D. at 550. The Court considers the factors identified by the Fourth Circuit in turn below.

### *Reasonable Promptness*

Equifax argues that it acted promptly to set aside the Clerk's Entry of Default upon learning of the pending litigation and Entry of Default. ECF No. 29 at 4 ("***Immediately*** upon learning of the default, Equifax's in-house counsel retained this firm, which immediately obtained the pleadings and prepared this motion" (emphasis in original)). The Court agrees.

The Clerk's Entry of Default was mailed to Equifax on April 30, 2026. ECF No. 26. Equifax explains that it first learned that the Clerk had entered default against it—and of the pending lawsuit against it—on May 4, 2026, when it received the Clerk's mailing. *Id.* Equifax filed its Motion to Set Aside Default approximately two weeks after default was entered and only ten days after receiving the Clerk's mailing. Equifax acted with reasonable promptness.

6

Reasonable promptness is evaluated "in light of the facts and circumstances of each occasion," with much deference given to the exercise of discretion by the trial judge. *Moradi,* 673 F.2d at 727. "[T]his factor primarily considers the lapse in time between the entry of default, or discovery of such entry, and the moving party's efforts to set aside the entry of default." *Artistic Stone Crafters, Inc. v. Safeco Ins. Co. of Am.*, C/A No. 2:10-cv-45, 2010 WL 11700299, at \*5 (E.D. Va. Apr. 15, 2010).

"District courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside." *Burton v. TJX Cos., Inc.*, C/A No. 3:07-cv-760, 2008 WL 1944033, at \*3 (E.D. Va. May 1, 2008); *see also Prescott v. MorGreen Solar Sols., LLC*, 352 F. Supp. 3d 529, 537 (E.D.N.C. 2018) (finding that "though inexplicable, the delay at issue is roughly one month" and "defendants lack of promptness was of minor consequence"). Equifax filed its Motion fourteen days after the entry of default and ten days after receiving notice of the default and learning about the case. Thus, Equifax has attempted to correct its delinquency in a timely manner.[5] *See, e.g., Lolatchy*, 816 F.2d at 952 (permitting case to proceed on the merits even though the moving party delayed ten months after clerk entered default before filing its motion to set aside default); *Vick v. Wong*, 263 F.R.D. 325, 330 (E.D. Va. 2009) (finding the reasonable promptness factor weighed in favor of setting aside default where the moving party did not respond for more than two months after clerk entered default). This factor weighs in favor of setting aside default.

---

[5] As explained in more detail below, Equifax's "delinquency" appears to be through no fault of its own. Instead, the Summons and Complaint appear to have been sent to an incorrect address.

### *Meritorious Defense*

"[A] default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). Courts have discretion to determine whether a proffered defense is meritorious. *Bank of Southside Va. v. Host & Cook, LLC*, 239 F.R.D. 441, 445 (E.D. Va. 2007). "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988).

Equifax has filed a proposed Answer to Plaintiff's Complaint in which it asserts numerous defenses. ECF No. 29-2. *Id*. at 18. "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727. In light of the proposed Answer filed in this case, the Court finds that Equifax has sufficiently identified a meritorious defense. Plaintiff asserts that Equifax "merely provides generalized denials and conclusory assertions." ECF No. 31 at 3. However, Plaintiff completely ignores the fact that Equifax has filed a proposed Answer and does not meaningfully address the defenses asserted therein. Thus, this factor weighs in favor of setting aside default.

### *Personal Responsibility*

The third factor also weighs heavily in favor of setting aside default. Equifax argues that Plaintiff served the incorrect registered agent, and any delay arises from that incorrect service. ECF No. 29 at 6. The Court agrees. The Clerk's Entry of Default was made after Equifax failed to file an Answer based on the deadline established by Plaintiff's affidavit of service. However, Plaintiff sent the service documents for Equifax to an incorrect address and, therefore, Equifax cannot be held responsible for the default.

Plaintiff's Response to Equifax's Motion does not meaningfully address the service issue. In a Declaration attached to the Response, Plaintiff avers simply that he "caused the summons and complaint to be mailed via certified mail to [Equifax] at the Peachtree Street address associated with Equifax." ECF No. 31-1 at 1. Notably, however, that Declaration does not provide the exact street address at which he purportedly served Equifax, nor does he provide any averments or arguments concerning the discrepancy of the street addresses noted by Equifax. Upon reviewing the record, the Court concludes that Plaintiff mailed the Summons and Complaint to the wrong address. It very likely was a scrivener's error or some other unintentional mistake, but in any case, this delay does not appear to be the result of Equifax's conduct.

### *Prejudice to the Parties*

The next factor, prejudice to the parties, also weighs in favor of granting Equifax's Motion. "[D]elay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory*, 616 F.3d at 418. "[N]o cognizable prejudice inheres in requiring a plaintiff to prove a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." *Id.* at 419.

Plaintiff argues he will suffer prejudice if default is set aside because any delay in adjudicating the claims asserted in the Complaint will prolong publication of inaccurate bankruptcy information, emotional distress, reputational injury, loss of credit opportunities, and financial harm. ECF No. 31 at 3. Indeed, the prejudice that Plaintiff identifies is the same alleged injury or harm Plaintiff has endured and would be subjected to if this case were to proceed in the ordinary course of litigation. Moreover, Equifax is not the only Defendant in this action and the case is proceeding through litigation as to LexisNexis. Any asserted prejudice by Plaintiff therefore is minimal. Plaintiff also contends that Equifax's "delay has forced Plaintiff to continue

litigating matters that [Equifax] ignored for an extended period despite repeated notice." *Id*. at 4. That contention is without merit as Plaintiff would not suffer prejudice if he had to litigate this case on the merits, in the ordinary course of litigation, which is required of all litigants bringing similar cases in federal court. *Lindemann-Moses v. Jackmon*, 644 F. Supp. 3d 163, 179 (M.D. N.C. 2022).

This case is in the early stages of proceedings. Defendant promptly filed its Motion to Set Aside Entry of Default after default was entered. Any delay in the parties' proceeding to discovery, dispositive motions, or settlement negotiations is minimal. Allowing this action to proceed to the merits is the preferred method under the applicable law. *See Moradi*, 673 F.2d at 727 ("[T]he clear policy of the Rules is to encourage dispositions of claims on their merits").

On the other hand, the prejudice to Equifax would be substantial were the Court to decline to set aside default and render a judgment against it without allowing the case to proceed to the merits. *See Colleton*, 616 F.3d at 421 (explaining motions to set aside "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments'"). The prejudice analysis weighs in favor of setting aside the entry of default.

### *History of Dilatory Conduct*

Next, there is no history of delay as the action is in its early stages and Equifax acted quickly in responding to the Clerk's Entry of Default when it learned of the pending litigation.

"As to the fifth factor, the Fourth Circuit generally examines a party's 'history of dilatory action' apart from the delay causing the default itself." *Superior Performers, Inc. v. Thornton*, C/A No. 1:20-cv-00123, 2020 WL 6060978, at *3 (M.D.N.C. Oct. 14, 2020). The Court finds no other history of dilatory action. Based upon the record and the parties' arguments, the Court finds this factor weighs in favor of setting aside default.

10

*Availability of Less Drastic Sanctions*

The Court finds that the availability of less drastic sanctions is at least neutral, particularly given the weight of the other factors in favor of setting aside the default. Neither party has identified any alternative sanctions. Regardless, the Court finds that the other factors combined weigh heavily in favor of setting aside default in this case.

*Summary of the Factors*

Considering the totality of the circumstances, the balance of the factors weighs in favor of finding "good cause" under Rule 55(c) to set aside the Clerk's Entry of Default. "Default judgments are disfavored, and the Fourth Circuit has 'repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.'" *Dunbar v. Stellar Mgmt. Grp. I, Inc.*, C/A No. 5:11-cv-00132, 2012 WL 4757944, at *1 (W.D. Va. Oct. 5, 2012). The Court is required to liberally construe the "good cause" criteria and resolve all doubts in favor of setting aside default in order to allow the party against whom default has been entered to defend on the merits and avoid the "extreme sanction" of default. The factors taken together weigh in favor of setting aside default. Equifax has been prompt in responding to the entry of default, Equifax has asserted a meritorious defense, and Plaintiff will not suffer substantial prejudice. For the reasons stated above, this Court will set aside the Clerk's Entry of Default and allow Equifax to file an Answer and proceed in this action on the merits.

**Plaintiff's Motion for Default Judgment**

As noted, Plaintiff has filed a Motion for Default Judgment. ECF No. 27. Plaintiff's Motion focuses on his alleged damages concerning the underlying claims asserted in the Complaint. Because the Court finds that the Clerk's Entry of Default should be set aside, Plaintiff's Motion is found as moot.

11

**Service Issues**

The pending Motions addressed by this Order involve argument of whether Equifax was properly served with the Summons and Complaint. Based on a review of the record evidence, Plaintiff appears to have made good faith efforts to serve Equifax. Also, Equifax is now on notice of this lawsuit and appears ready to proceed through litigation. Although Equifax has identified in the proposed Answer defenses premised on insufficient or improper service and lack of personal jurisdiction based thereon, the Court notes that it would best serve the parties and the interests of justice to expedite the case to a decision on the merits rather than further arguments over the service issues.

Courts have recognized that waiver of service and of any objections to the sufficiency of process, service of process, and personal jurisdiction may be proper when setting aside the entry of default. *See, e.g., Burden v. Covington*, C/A No. 1:18-cv-767, 2021 WL 5868491, at *1 (M.D.N.C. Oct. 19, 2021) (setting aside an entry of default where the plaintiff did not oppose such in light of the defendant's agreement to waive objections to service issues), *R&R adopted by* 2021 WL 5867561 (M.D.N.C. Dec. 10, 2021). And, "[b]ecause the defense of lack of personal jurisdiction can be waived, … other courts have held that a defendant, improperly served but with actual knowledge of the lawsuit, can be deemed to have implicitly waived the defense of improper service." *Peamon v. A & R Dev. Corp.*, C/A No. WMN-06-cv-2974, 2007 WL 5600608, at *2 (D. Md. Mar. 20, 2007).

Now that Equifax is on notice of the lawsuit, waiver of the issue of service would allow the case to proceed to the merits. *U.S. to Use of Combustion Sys. Sales, Inc. v. E. Metal Prods. & Fabricators, Inc.*, 112 F.R.D. 685, 688 (M.D.N.C. 1986) (discussing waiver of improper service, albeit in an action for relief from default judgment, where the "plaintiff [made] a good faith effort

to serve under the rules and that defendant, although improperly served, [had] actual notice of the lawsuit").

To ensure the Court is properly informed as to whether Equifax will waive formal service of process and any objections to service, Equifax must file an appropriate waiver of service within seven (7) days of this Order. If Equifax declines to waive service, it must inform the Court so that the issue of service can be further evaluated and steps can be taken to ensure that Equifax is properly served.

## **CONCLUSION**

Therefore, Equifax's Motion to Set Aside Default (ECF No. 29) is **GRANTED**. The Clerk's Entry of Default (ECF No. 25) is hereby **VACATED**. Equifax must inform the Court, within seven (7) days of the entry of this Order, whether it will waive any service issues and file a properly executed waiver of service. If Equifax declines to waive service, the Court will consider further action so that Plaintiff can properly accomplish service. Equifax must file its Answer to the Complaint within seven (7) days of the entry of this Order.

Because the Court has set aside the Clerk's Entry of Default, Plaintiff's Motion for Default Judgment (ECF No. 27) is **FOUND MOOT**.

**IT IS SO ORDERED**.

s/William S. Brown
United States Magistrate Judge

May 28, 2026
Greenville, South Carolina

13