**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| EARL GAVIN,<br><br>        Plaintiff,<br><br>    v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES, LLC,<br><br>        Defendants. | Case No. 7:25-cv-13975-DCC-WSB<br><br>**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES** |

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

**1. JURISDICTION AND VENUE**

**COMPLAINT ¶1:**

This Court has federal question jurisdiction under 28 U.S.C. §1331 because Plaintiff brings claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 et seq.

325772258v.1

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶2:**

This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367 because those claims arise from the same nucleus of operative facts.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶3:**

Defendant Equifax Information Services, LLC is headquartered in Atlanta, Georgia. Defendant LexisNexis Risk Solutions, Inc. is headquartered in Alpharetta, Georgia. Both regularly conduct business within this District.

**ANSWER:**

Equifax admits that it maintains its principal address in Atlanta, Georgia and is registered to do business in the State of South Carolina.

**COMPLAINT ¶4:**

Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391(b) because Defendants reside here and a substantial part of the events giving rise to the claims occurred within this District.

**ANSWER:**

Equifax states that this is a legal conclusion which is not subject to denial or admission. Equifax denies that this case was filed in the Northern District of Georgia.

**2. PARTIES**

**COMPLAINT ¶5:**

Plaintiff Earl Gavin is a natural person and consumer, residing in South Carolina, as defined under 15 U.S.C. §1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff is a natural person and qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶6:**

Defendant Equifax Information Services, LLC ("Equifax") is a nationwide consumer reporting agency as defined by 15 U.S.C. §1681a(f).

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶7:**

Defendant LexisNexis Risk Solutions, Inc. ("LexisNexis") is a nationwide consumer reporting agency as defined by 15 U.S.C. §1681a(f).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**3. FACTUAL ALLEGATIONS**

**COMPLAINT ¶8:**

On or about January 15, 2024, Plaintiff obtained his Equifax consumer report and discovered that Defendant(s) were publishing and furnishing a bankruptcy dated January 24, 2024.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

- 3 -

325772258v.1

- 4 -

**COMPLAINT ¶9:**

Plaintiff contacted the U.S. Bankruptcy Court for the District of South Carolina, which confirmed in writing that bankruptcy courts do not furnish consumer data to credit reporting agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶10:**

Plaintiff never entered into a contract with Equifax and LexisNexis and never gave written permission for Defendants to obtain, use, publish, or disseminate his personal data.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

Plaintiff has never entered into a contract with LexisNexis and has never given them written consent for the acquisition, use, or distribution of his personal or financial data.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶12:**

LexisNexis obtained and disseminated Plaintiff's personal data without a permissible purpose, in violation of federal law and Georgia's tort laws protecting personal privacy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325772258v.1

- 5 -

**COMPLAINT ¶13:**

Defendant(s) failed to conduct a reasonable reinvestigation after Plaintiff's disputes, in violation of 15 U.S.C. 16811i and O.C.G.A 10-1-3938.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶14:**

As of January 2024, Defendants have continued to furnish this bankruptcy data monthly to third parties, causing ongoing reputational and financial harm.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶15:**

Plaintiff sent multiple letters via mail demanding proof of consent, but Defendant(s) never produced authorization

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶16:**

Defendant(s) has invaded Plaintiff's privacy and disclosed inaccurate private data.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶17:**

LexisNexis obtained Plaintiff's private records without lawful authority.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325772258v.1

**COMPLAINT ¶18:**

Plaintiff sent Defendant(s) a letter via mail & through CFPB portal from the Bankruptcy Court stating that bankruptcy courts with Plaintiff name stating the courts do not report any consumer data to any credit reporting agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶19:**

Plaintiff accessed his LexisNexis consumer disclosure and found no record of a bankruptcy, despite it still appearing on consumer major consumer reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

On or about June 30, 2025, Plaintiff forward notice of intent to sue via mail to defendant with efforts to resolve this matter without litigation. Along with a settlement opportunity, which was for 5 days from the receipt of the letter. As of to date, the defendant ignored the opportunity to settle prior to litigation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

September 29, 2025, Plaintiff mailed a Follow-Up on Bankruptcy Reporting Dispute to lexisnexis.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325772258v.1

**COMPLAINT ¶22:**

As of October, 2025, Equifax still showed Public Record Bankruptcy from allegedly validated by third party LexisNexis vendor.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**A. Plaintiff's CFPB Complaints Against Equifax and LexisNexis**

**COMPLAINT ¶23:**

Plaintiff submitted multiple disputes and consumer complaints to the Consumer Financial Protection Bureau "CFPB" regarding Equifax & LexisNexis's inaccurate bankruptcy reporting:

Equifax CFPB's Complaints

- 03/23/2024 - CFPB Case #240323-13717581
- 04/09/2024 - CFPB Case #240409-13887927
- 04/22/2024 - CFPB Case #240422-14035958
- 05/27/2024 - CFPB Case #240527-14625733
- 08/07/2025 - CFPB Case #250807-23004531
- 08/29/2025 - CFPB Case #250829-23622213
- 09/20/2025 - CFPB Case #250920-24270623

LexisNexis CFPB's Complaints

- Submitted to the CFPB on 3/23/2024 - case#: 240323-13717470
- Submitted to the CFPB on 8/11/2024 case #: 240811-15556997
- Submitted to the CFPB on 4/23/2025 - case # : 250423-20300622
- Submitted to the CFPB on 6/3/2025 - Case #: 250603-21265233
- Submitted to the CFPB on 8/10/2025 - Case #: 250810-23064650
- Submitted to the CFPB on 8/29/2025 - Case # : 250829-23622929

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

325772258v.1

**COMPLAINT ¶24:**

Despite these filings, Equifax failed to delete, correct, or reinvestigate the false bankruptcy record.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**B. Plaintiff's Mailed Notices to Equifax**

**COMPLAINT ¶25:**

Plaintiff sent the following written notices to Equifax regarding method of verification and dispute compliance:

- September 3, 2025 — Notice of Pending Litigation (Failure to Provide Method Of Verification/MOV)
- September 20, 2025 — Final Demand — Method Of Verification/MOV / Bankruptcy Dispute
- October 17, 2025 — Continued Non-Compliance — Method Of Verification/MOV/Bankruptcy
- November 9, 2025 — Notice of Pending Arbitration & Final Opportunity to Resolve

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

Equifax ignored these notices and continued to furnish the false information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**C. Plaintiff's Credit Denials & Harm**

**COMPLAINT ¶27:**

As a direct result of Defendants' inaccurate reporting, Plaintiff was denied credit:

- Wells Fargo — Denied April 27, 2024
- Chase Bank — Denied November 20, 2024

325772258v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶28:**

Plaintiff obtained his LexisNexis consumer file and confirmed LexisNexis showed no bankruptcy, proving Equifax was reporting inaccurate data.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶29:**

Defendants' continued publication of the false bankruptcy has caused Plaintiff financial harm, reputational damage, emotional distress, and loss of credit opportunities.

**ANSWER:**

Equifax denies the allegations in this paragraph.

## 4. CAUSES OF ACTION

### COUNT I — Violations of the Fair Credit Reporting Act (FCRA)

Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

15 U.S.C. §§ 1681b, 1681e(b), 1681i, 1681k, and 1681s-2(b)

(Against All Defendants)

**COMPLAINT ¶30:**

Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶31:**

Defendants violated §1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy.

- 9 -

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶32:**

Defendants violated §1681i(a) by failing to conduct a lawful reinvestigation after Plaintiff's disputes.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶33:**

Defendants violated §1681k(a) by furnishing adverse public record information without proper notice.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶34:**

Defendants violated §1681b by accessing, obtaining, or distributing Plaintiff's consumer report without a permissible purpose.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶35:**

Defendants violated §1681s-2(b) by failing to reasonably investigate the disputes transmitted by the CFPB.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶36:**

Defendants' actions were willful, entitling Plaintiff to statutory and punitive damages under §1681n.

325772258v.1

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COUNT II — Georgia Fair Business Practices Act (GFBPA)**

**O.C.G.A. §10-1-390 et seq.**

(Against All Defendants)

Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

**COMPLAINT ¶37:**

Defendants' conduct constitutes unfair and deceptive practices affecting Georgia consumers and violating Georgia statutory law.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶38:**

Defendants acted intentionally and in reckless disregard of Plaintiff's rights.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COUNT III - Invasion of Privacy**

(Public Disclosure of Private Facts — Georgia Common Law)

(Against All Defendants)

Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

**COMPLAINT ¶39:**

Defendants willfully and without consent accessed, published, and disseminated Plaintiff's personal information to third parties.

**ANSWER:**

Equifax denies the allegations in this paragraph.

- 11 -

325772258v.1

**COMPLAINT ¶40:**

The disclosure was highly offensive and caused emotional and reputational harm.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COUNT IV — Negligence**

(Against All Defendants)

**COMPLAINT ¶41:**

Defendants owed Plaintiff a duty to maintain accuracy and protect his personal information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶42:**

Defendants breached that duty by publishing false bankruptcy data.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶43:**

As a direct result, Plaintiff suffered damages including denial of credit, emotional distress, and reputational injury.

**COUNT V — Failure to Provide Method of Verification (FCRA §1681i(a)(6)(B)(iii))**

(Against Defendant Equifax Only)

Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

**A. Statutory Basis**

**COMPLAINT ¶44:**

Under 15 U.S.C. §1681i(a)(6)(B)(iii), when a consumer requests it, a consumer reporting agency must provide the "method of verification" used to verify disputed information.

1. The FCRA expressly provides that a CRA must disclose:

- 12 -

"a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of any furnisher contacted and the telephone number of such furnisher."

This is commonly known as the Method of Verification (MOV) requirement.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**B.  Plaintiff's MOV Requests to Equifax**

**COMPLAINT ¶45:**

Plaintiff lawfully exercised his rights under §1681i by demanding the Method of Verification for the reported bankruptcy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶46:**

Plaintiff made repeated written requests to Equifax for MOV on the following dates:

- September 3, 2025 — Notice of Pending Litigation: Failure to Provide MOV
- September 20, 2025 — Final Demand for MOV / Bankruptcy Dispute
- October 17, 2025 — Continued Non-Compliance: MOV / Bankruptcy
- November 9, 2025 Notice of Pending Arbitration & Final Opportunity to Resolve

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

- 13 -

**COMPLAINT ¶47:**

Each of Plaintiff's MOV requests was sent via mail and received by Equifax.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**C. Equifax's Unlawful Non-Compliance**

**COMPLAINT ¶48:**

Equifax did not provide Plaintiff with any description of the procedure used to verify the bankruptcy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶49:**

Equifax did not identify any furnisher, any source, any verification procedure, or any data-handling process.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶50:**

Equifax did not provide the business name, address, or phone number of any entity allegedly used to verify the bankruptcy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325772258v.1

**COMPLAINT ¶51:**

Equifax ignored every MOV request, even though Plaintiff's multiple CFPB complaints placed Equifax on notice of the continuing dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶52:**

Equifax's refusal constitutes a direct violation of

- 15 U.S.C. §1681i(a)(6)(B)(iii) (failure to disclose MOV upon request)
- 15 U.S.C. §1681i(a)(1) (failure to reinvestigate disputed information)
- 15 U.S.C. §1681e(b) (failure to maintain reasonable procedures for accuracy)

**ANSWER:**

Equifax denies the allegations in this paragraph.

**D. MOV Damages**

**COMPLAINT ¶53:**

As a direct and proximate result of Equifax's refusal to provide MOV, Plaintiff suffered:

- Continued publication of false bankruptcy information
- Denial of credit and funding opportunities
- Emotional distress
- Reputational damage
- Ongoing harm from Equifax's refusal to correct or verify the data
- Unnecessary time, expense, postage, and repeated disputes

**ANSWER:**

Equifax denies the allegations in this paragraph.

**E. Willfulness**

**COMPLAINT ¶54:**

Equifax's failure to provide MOV after four written requests and multiple CFPB complaints demonstrates:

- Willful noncompliance under 15 U. S. C. §1681n, OR
- Negligent noncompliance under 15 U.S.C. §16810

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶55:**

Equifax acted with reckless disregard for Plaintiff's statutory rights.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**F.  Relief Requested**

Plaintiff seeks statutory, actual, and punitive damages against Equifax for its failure to provide Method of Verification as required by the FCRA.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**DAMAGES**

As a proximate result of Defendants' unlawful acts, Plaintiff suffered:

- Denial of credit

- Financial loss and lost funding opportunities

- Emotional distress and mental anguish

- Damage to reputation

- Costs of disputes, mailings, and time lost

- Ongoing harm from continued misreporting

**ANSWER:**

Equifax denies the allegations in this paragraph.

**6. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award:

- 16 -

325772258v.1

1. Actual damages pursuant to 15 U.S.C. §§1681n and 1681o
2. Statutory damages for willful violations
3. Punitive damages
4. General damages for emotional and reputational harm
5. Injunctive relief, including an Order requiring Defendants to:

- Delete the inaccurate bankruptcy
- Correct Plaintiff's consumer reports
- Cease all unlawful data dissemination

6. Pre-judgment and post-judgment interest
7. Costs of litigation
8. Any additional relief the Court deems just and proper

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

**FIRST DEFENSE**

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

- 17 -

## SECOND DEFENSE

Plaintiff's requests for injunctive relief sought by his Complaint are preempted by the FCRA.

## THIRD DEFENSE

Plaintiff's state law claims are preempted by 15 U.S.C. 1681t.

## FOURTH DEFENSE

Plaintiff's invasion of privacy claims are barred by 15 U.S.C. 1681h(e).

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

DATED:  June 3, 2026                    Respectfully submitted,

                                        WYCHE, P.A.


                                        By: _/s/ Rita Bolt Barker_
                                            Rita Bolt Barker (Fed. ID No. 10566)
                                            rbarker@wyche.com
                                            WYCHE, P.A.
                                            200 East Broad Street, Suite 400
                                            Greenville, South Carolina 29601
                                            Telephone: (864) 242-8235
                                            Facsimile:  (864) 235-8900

                                        *Counsel for Defendant*
                                        *Equifax Information Services LLC*

325772258v.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy has also been sent via U.S. Mail to the following:

> Earl Gavin,
> P.O. Box 475
> Gaffney, South Carolina 29342
> *Plaintiff Pro Se*

*/s/ Rita Bolt Barker*
Rita Bolt Barker

325772258v.1