**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| EARL GAVIN<br><br>  Plaintiff,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br>and LEXISNEXIS RISK SOLUTIONS INC.<br><br>  Defendants. | CASE NO. 7:25-CV-13975-DCC-WSB |

## DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants Equifax Information Services LLC ("Equifax") and LexisNexis Risk Solutions Inc. ("LexisNexis Risk"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 26(c) hereby move the Court for an order staying all discovery directed to Equifax and LexisNexis Risk in this action until LexisNexis Risk's pending Motion to Dismiss [Dkt. No. 18] is resolved.

## PROCEDURAL BACKGROUND

Plaintiff Earl Gavin ("Plaintiff"), proceeding *pro se*, filed this action on December 22, 2025, asserting claims against Equifax and LexisNexis Risk for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Georgia Fair Business Practices Act, public disclosure of private facts, and negligence.

On February 23, 2026, LexisNexis Risk filed its Motion to Dismiss and supporting Memorandum [Dkt. No. 18], seeking dismissal of all claims asserted against it with prejudice. Plaintiff filed an opposition to LexisNexis Risk's Motion on March 2, 2026 [Dkt. No. 21], LexisNexis Risk filed its Reply in Support of the Motion to Dismiss on March 9, 2026 [Dkt. No.

1

22], and Plaintiff filed a Sur-Reply on March 12, 2026 [Dkt. No. 24]. The Motion to Dismiss is fully briefed and pending before the Court.

On June 11, 2026, Plaintiff served Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to LexisNexis Risk. **Exhibit A.** On the same date, Plaintiff also sent a letter requesting identification of LexisNexis Risk's Rule 30(b)(6) corporate representative(s) in anticipation of noticing a Rule 30(b)(6) deposition. **Exhibit B.** LexisNexis Risk and Equifax now move for a stay of all discovery pending the Court's resolution of the Motion to Dismiss.[1]

## LEGAL STANDARD

Rule 26(c) provides the Court with broad discretion to stay discovery for "good cause shown." Fed. R. Civ. P. 26(c).[2] Rule 26(d) further provides that the Court may determine the timing and sequence of discovery.

Federal courts in the Fourth Circuit widely recognize that a stay of discovery pending determination of a dispositive motion is an appropriate exercise of a court's discretion. *See Thigpen v. United States*, 800 F.2d 393, 396–97 (4th Cir. 1986) ("Nor did the court err by granting the government's motion under Fed. R. Civ. P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion. . . . Trial courts . . . are given wide discretion to control this discovery process."); *Gorchev v. Pintar*, 3:15-CV-92, 2015 U.S. Dist. LEXIS 109627, at * 2–3 (N.D.W.V. Aug. 19,

---

[1] Pursuant to Local Rule 7.02(F), Equifax and LexisNexis Risk were not required to confer with Plaintiff prior to filing this motion to stay.

[2] Local Rule 16.00 is not applicable since the Court has already entered a scheduling order. *See* Dkt. No. 38; *Dillon v. BDI Pharma, Inc.*, 2019 U.S. Dist. LEXIS 22306, at *1–2 (D.S.C. Feb. 12, 2019) (noting that Fed. R. Civ. P. 26 applies to motion to stay discovery rather than Local Rule 16.00 since the Court has entered a scheduling order).

2015) ("In particular, a district court has discretion to stay discovery pending its ruling on a dispositive motion.").

"In determining whether a stay of discovery is appropriate, courts have considered a number of factors including the breadth of discovery and burden of responding to it, the risk of unfair prejudice to a party opposing the stay, the nature and complexity of the action, the posture or stage of the litigation, and any other relevant circumstances." *Herring v. Lapolla Industries, Inc.*, 2013 U.S. Dist. LEXIS 201527, at *3 (D.S.C. Aug. 20, 2013).

## ARGUMENT

The Court should stay discovery pending resolution of LexisNexis Risk's Motion to Dismiss for at least four reasons. First, because LexisNexis Risk's Motion to Dismiss would, if successful, eliminate all of Plaintiff's claims, taking discovery—and potentially litigating discovery disputes—would waste party and judicial resources should LexisNexis Risk's Motion be granted. The same is true even if the Court only partially grants LexisNexis Risk's Motion, which would narrow the factual issues for discovery. Second, Plaintiff seeks broad discovery through numerous interrogatories, requests for production, requests for admission, and a notice for a corporate deposition pursuant to Federal Rule 30(b)(6) covering ten distinct topics. LexisNexis Risk and Equifax face significant prejudice should they be required to respond to Plaintiff's discovery requests and produce a witness for a deposition while LexisNexis Risk's Motion remains pending. Third, and on the other hand, Plaintiff faces no prejudice from a modest stay in the proceedings. Plaintiff filed his Complaint over a year after allegedly identifying an inaccurate record in his consumer file disclosure. Compl. ¶ 8. There is no urgent need for the sought-after discovery that would outweigh the prejudice to LexisNexis Risk and Equifax in responding while the Motion is pending. Fourth, the litigation remains in its early stages and could accommodate a

3

modest stay in discovery. LexisNexis Risk and Equifax respectfully request that the Court grant their motion to stay.

**A.    The Motion to Dismiss is Potentially Dispositive of All Claims Against LexisNexis Risk.**

LexisNexis Risk's Motion to Dismiss challenges the sufficiency of every claim Plaintiff asserts against it. The Motion demonstrates that Plaintiff's claims rest upon the fundamentally flawed legal premise that accurate, publicly-available bankruptcy information cannot be reported without a consumer's consent. The Motion to Dismiss, if granted, would dispose of *all* claims against LexisNexis Risk in this action and eliminate the need for *any* discovery. And it would dispose of all but one claim against Equifax and dramatically reduce the discovery necessary to proceed.

Courts have repeatedly affirmed that "the district courts should not neglect their power to restrict discovery where justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or *undue burden or expense*. . . ." *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (citing Fed. R. Civ. P. 26(c)) (emphasis added). Plaintiff has asserted a meritless complaint against Equifax and LexisNexis Risk. *See generally* Dkt. No. 18 at 2 n.1. Plaintiff alleges that Equifax and LexisNexis Risk violated federal and state law by reporting information that any individual with access to the District of South Carolina Bankruptcy docket can see. *Id.* After LexisNexis Risk filed a motion to dismiss these meritless claims, Plaintiff served sweeping discovery requests. *See* Supra. § B.

Courts routinely grant discovery stays when a pending motion is dispositive of a case. *See e.g. Boudreaux Grp. Inc. v. Nexsen*, No. 8:18-cv-1498, 2018 U.S. Dist. LEXIS 228859, at *11 (D.S.C. Nov. 20, 2018) (staying discovery because "the Motion to Dismiss . . . is potentially dispositive of the entire proceeding[.]"); *Burks v. Rushton*, 3:08-cv-3025, Dkt. 54 at 2 (D.S.C. June

8, 2009) (granting motion to stay since the court could dispose of the case without the discovery that pro se plaintiff sought).

As reflected in Plaintiff's discovery requests to LexisNexis Risk, Plaintiff seeks an in-depth look into Defendants' reporting procedures that would involve a company-wide document collection and significant preparation of a corporate deponent. *See generally* Exhibits A and B. Plaintiff seeks such broad discovery despite never disputing the accuracy of LexisNexis Risk's reporting and only taking issue with the fact that Plaintiff did not provide consent to LexisNexis Risk to report his bankruptcy—consent, of course, that is not required by any legal standard. Compl. at ¶¶ 10–11. Even if the Court does not grant LexisNexis Risk's Motion to Dismiss in full, there is a substantial likelihood that the Court will narrow the issues in the case, leading to a more cost-effective discovery process for the Parties.

Although Equifax has not moved to dismiss Plaintiff's claims, the Court's resolution of LexisNexis Risk's Motion will likely impact the scope of discovery regarding Plaintiff's claims against Equifax as well. Plaintiff asserts the same (legally deficient) theory against both Defendants. Specifically, Counts I through IV of the Complaint are asserted against both LexisNexis Risk and Equifax. Compl. ¶¶ 30–43. The Counts are based on the same conclusory allegations that the Defendants could not report his Bankruptcy. Compl. ¶¶ 10, 15, 18. Plaintiff connects the two Defendants by claiming that Equifax reported his bankruptcy and that LexisNexis Risk validated this reporting. Compl. ¶ 22. Courts in the Fourth Circuit recognize that "a court may grant a motion to dismiss as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." *NC Cont., Inc. v. Munlake Contrs., Inc.*, No. 5:11-CV-766-FL, 2012 U.S. Dist. LEXIS 153483, at *21 n. 9 (E.D.N.C. Oct. 24, 2012) (quoting *Bonny v. Society of Lloyds*, 3 F.3d

5

156, 162 (7th Cir. 1993)). If the Court grants LexisNexis Risk's Motion to Dismiss, those claims against Equifax could also be dismissed if the Court finds they are sufficiently integral. The only remaining claim in this case could be against Equifax for Failure to Provide Method of Verification in violation of FCRA § 1681i(1)(6)(B)(iii). Staying discovery until the Court rules on LexisNexis Risk's Motion to Dismiss could avoid conducting discovery on two parties for four broad counts and instead focus discovery on one narrow claim.

**B.      The Breadth of Plaintiff's Discovery Requests and the Burden of Responding Are Substantial.**

As referenced above, Plaintiff's Written Discovery Requests are sweeping in scope. The fifteen interrogatories and fourteen document requests seek, among other things, identification of all sources of alleged bankruptcy information; the full history of communications, transmissions, and agreements between LexisNexis Risk and Equifax; identification of every employee, vendor, department, and contractor involved in handling Plaintiff's information; all policies, procedures, manuals, training materials, and guidelines concerning bankruptcy reporting, FCRA compliance, consumer disputes, and permissible purpose; Plaintiff's complete LexisNexis file and records; internal notes, audit trails, logs, and histories; and all documents supporting LexisNexis Risk's affirmative defenses.

Similarly, the ten requests for admission require LexisNexis Risk to investigate and admit or deny matters that overlap substantially with the merits of the disputed claims. And Plaintiff's Rule 30(b)(6) Request seeks identification of corporate representatives on ten broadly-defined deposition topics encompassing virtually every aspect of LexisNexis Risk's data collection, reporting, dispute handling, and compliance practices.

Responding to these requests would require Defendants to expend substantial time and resources in document collection, review, and production; preparation of detailed interrogatory

responses; investigation and verification for requests for admission; and identification and preparation of corporate representative witnesses—all in connection with claims that are subject to a pending, potentially dispositive motion. *Burks*, 3:08-cv-3025, Dkt. No. 54 at 1 (finding that requiring defendants to answer a pro se plaintiff's discovery requests would be unduly burdensome where motion to dismiss was pending).

**C.      A Stay will not Prejudice Plaintiff.**

In contrast to the significant risk of prejudice to Equifax and LexisNexis Risk, Plaintiff will not be prejudiced by a modest stay of discovery pending resolution of the Motion to Dismiss. If the Motion to Dismiss is denied, discovery can proceed in the ordinary course. Plaintiff has not identified any time-sensitive evidence that is at risk of destruction or any other exigent circumstance that would counsel against a stay. Moreover, because the Motion to Dismiss is fully briefed and pending, the stay would be temporary and limited in duration. A brief stay to allow the Court to resolve threshold legal issues will promote efficiency for all parties and the Court. *See Zabek v. Everyage Corp.*, No. 7:24-CV-47-BO, 2024 U.S. Dist. LEXIS 183206, at *1 (E.D.N.C. Oct. 7, 2024) ("In certain cases, a stay of discovery may be appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources." (citing *United States v. A.T. Massey Coal Co.*, No. 2:07-0299, 2007 U.S. Dist. LEXIS 77501, at *2 (S.D. W. Va. Oct. 18, 2007))).

**D.      The Posture and Stage of This Litigation Support a Stay.**

This case remains at the earliest stages of litigation. LexisNexis Risk's Motion to Dismiss was fully briefed as of March 9, 2026 and remains pending. Plaintiff served discovery requests before the Court had the opportunity to rule on whether any claims survive the motion-to-dismiss stage. Proceeding with discovery at this juncture would be premature and inefficient, as it would

require the parties to expend resources on matters that may be entirely mooted by the Court's ruling on the Motion to Dismiss.

## CONCLUSION

For the reasons set forth above, Defendants Equifax Information Services LLC and LexisNexis Risk Solutions Inc. respectfully request that the Court enter an order staying all discovery pending the Court's ruling on LexisNexis Risk's Motion to Dismiss.

Respectfully submitted,

**ALSTON & BIRD LLP**

/s/ *Kyle R. Hair*
Kyle R. Hair
Federal Bar ID: 13509
S.C. Bar No.: 104655
Alston & Bird LLP
1120 S. Tryon Street, Suite 300
Charlotte, North Carolina 28203
Telephone: (704) 444-1167
Facsimile: (704) 444-1111
kyle.hair@alston.com

*Attorney for Defendant*
*LexisNexis Risk Solutions Inc.*

Dated: July 1, 2026

**WYCHE, P.A.**

/s/ *Rita Bolt Barker*
Rita Bolt Barker (Fed. ID No. 10566)
WYCHE, P.A.
200 East Broad Street, Suite 400
Greenville, South Carolina 29601
Telephone" (864) 242-8235
Facsimile: (864) 235-8900
rbarker@wyche.com

*Counsel for Defendant*
*Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2026, I caused the foregoing Defendant LexisNexis Risk Solutions

Inc.'s Motion to Stay Discovery to be served on Plaintiff Earl Gavin, appearing *pro se*, by mail at

the following addresses:


Earl Gavin
P.O. Box 475
Gaffney, South Carolina 29342

Earl Gavin
507 McCluney Dr.
Gaffney, South Carolina 29340


*/s/Kyle R. Hair*
Kyle R. Hair