EX A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| EARL GAVIN,<br><br>Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | Case No. 7:25-cv-13975-DCC-WSB<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Equifax Information Services LLC ("Equifax") serves upon Plaintiff Earl Gavin ("Plaintiff") the following objections and responses to Plaintiff's First Set of Interrogatories to Defendant Equifax Information Services LLC ("Interrogatories").

**PRELIMINARY STATEMENT**

Equifax will make reasonable efforts to respond to each of the Interrogatories, to the extent that no objection is made, as Equifax understands and interprets the Interrogatory. If Plaintiff subsequently asserts any interpretation of any Interrogatory that differs from Equifax's interpretation, Equifax reserves the right to supplement its objections and responses.

A two-year statute of limitations applies to Plaintiff's claims in this case. Consequently, for purposes of responding to the Interrogatories, Equifax will consider the relevant time period to be December 22, 2023 through December 22, 2025, the date that Plaintiff filed the Complaint.

**INTERROGATORY NO. 1:**

Identify every source utilized by Equifax to obtain, verify, update, maintain, or furnish the Bankruptcy Information concerning Plaintiff.

**RESPONSE TO NO. 1:**

Equifax objects to this Interrogatory on the basis that the phrases "every source" and "utilized" are overly broad and unduly burdensome. Equifax further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Interrogatory is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Interrogatory on the grounds that it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." See 15 U.S.C. § 1681p. Equifax objects to this Interrogatory to the extent it seeks confidential and/or proprietary trade secret information of Equifax or third-parties. Fed. R. Civ. P. 26(c). Equifax also objects to this Interrogatory on the grounds that it is more properly the subject of a deposition where specific questions may be posed and specific answers given.

Based on and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory may be determined through examination of Equifax's confidential, proprietary and or trade secret policies and procedures, which will be produced following entry of a mutually agreeable protective order governing the exchange of confidential information.

**INTERROGATORY NO. 2:**

Identify each person who participated in any investigation or reinvestigation concerning Plaintiff's bankruptcy disputes.

**RESPONSE TO NO. 2:**

Equifax objects to this Interrogatory on the basis that the phrases "any investigation or reinvestigation concerning Plaintiff's bankruptcy disputes" are overly broad and unduly burdensome. Equifax further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Interrogatory is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Interrogatory on the grounds that it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." See 15 U.S.C. § 1681p. Equifax objects to this Interrogatory to the extent it seeks confidential and/or proprietary trade secret information of Equifax or third-parties. Fed. R. Civ. P. 26(c). Equifax also objects to this Interrogatory on the grounds that it is more properly the subject of a deposition where specific questions may be posed and specific answers given.

Based on and without waiving these objections, after a reasonable search, Equifax has not located any "bankruptcy disputes" from Plaintiff.

**INTERROGATORY NO. 3:**

State the date Equifax first added the Bankruptcy Information to Plaintiff's consumer file.

**RESPONSE TO NO. 3:**

Equifax objects to this Interrogatory on the basis that the phrase "Bankruptcy Information" is overly broad. Equifax further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the

action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Interrogatory is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Interrogatory on the grounds that it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." See 15 U.S.C. § 1681p. Equifax objects to this Interrogatory to the extent it seeks confidential and/or proprietary trade secret information of Equifax or third-parties. Fed. R. Civ. P. 26(c).

Based on and without waiving these objections, after a reasonable search, Equifax has not located any "Bankruptcy Information" on Plaintiff's file.

**INTERROGATORY NO. 4:**

Describe in detail every reinvestigation conducted regarding Plaintiff's disputes concerning the Bankruptcy Information.

**RESPONSE TO NO. 4:**

Equifax objects to this Interrogatory on the basis that the phrases "every reinvestigation conducted regarding Plaintiff's disputes concerning the Bankruptcy Information" are overly broad and unduly burdensome. Equifax further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Interrogatory is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Interrogatory on the grounds that it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for

such liability." See 15 U.S.C. § 1681p. Equifax objects to this Interrogatory to the extent it seeks confidential and/or proprietary trade secret information of Equifax or third-parties. Fed. R. Civ. P. 26(c). Equifax also objects to this Interrogatory on the grounds that it is more properly the subject of a deposition where specific questions may be posed and specific answers given.

Based on and without waiving these objections, after a reasonable search, Equifax has not located any "disputes concerning the Bankruptcy Information" from Plaintiff.

**INTERROGATORY NO. 5:**

State whether Equifax communicated with LexisNexis Risk Solutions concerning Plaintiff and, if so, identify the date, method, and substance of each communication.

**RESPONSE TO NO. 5:**

Equifax objects to this Interrogatory on the basis that the phrase "concerning Plaintiff" is overly broad and unduly burdensome. Equifax further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Interrogatory is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Interrogatory on the grounds that it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." See 15 U.S.C. § 1681p. Equifax objects to this Interrogatory to the extent it seeks confidential and/or proprietary trade secret information of Equifax or third-parties. Fed. R. Civ. P. 26(c). Equifax also objects to this Interrogatory on the grounds that it is more properly the subject of a deposition where specific questions may be posed and specific answers given.

Based on and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory may be determined through examination of Equifax's confidential, proprietary and or trade secret policies and procedures, which will be produced following entry of a mutually agreeable protective order governing the exchange of confidential information.

**INTERROGATORY NO. 6:**

Identify all entities that provided information to Equifax concerning Plaintiff's alleged bankruptcy.

**RESPONSE TO NO. 6:**

Equifax objects to this Interrogatory on the basis that the phrases "all entities" and "provided information" are overly broad and unduly burdensome. Equifax further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Interrogatory is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Interrogatory on the grounds that it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." See 15 U.S.C. § 1681p. Equifax objects to this Interrogatory to the extent it seeks confidential and/or proprietary trade secret information of Equifax or third-parties. Fed. R. Civ. P. 26(c). Equifax also objects to this Interrogatory on the grounds that it is more properly the subject of a deposition where specific questions may be posed and specific answers given.

Based on and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory may be determined through examination of Equifax's confidential, proprietary and or trade secret policies and procedures, which will be produced following entry of a mutually agreeable protective order governing the exchange of confidential information.

**INTERROGATORY NO. 7:**

Describe the procedures Equifax contends satisfy its obligations under 15 U.S.C. §1681e(b) for assuring maximum possible accuracy of bankruptcy public records.

**RESPONSE TO NO. 7:**

Equifax objects to this Interrogatory on the basis that the phrases "procedures" and "obligations under 15 U.S.C. §1681e(b)" are overly broad and unduly burdensome. Equifax further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Interrogatory is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Interrogatory on the grounds that it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." See 15 U.S.C. § 1681p. Equifax objects to this Interrogatory to the extent it seeks confidential and/or proprietary trade secret information of Equifax or third-parties. Fed. R. Civ. P. 26(c). Equifax also objects to this Interrogatory on the grounds that it is more properly the subject of a deposition where specific questions may be posed and specific answers given.

Based on and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory may be determined through examination of Equifax's confidential, proprietary and or trade secret policies and procedures, which will be produced following entry of a mutually agreeable protective order governing the exchange of confidential information.

**INTERROGATORY NO. 8:**

Describe the procedures Equifax contends satisfy its obligations under 15 U.S.C. §1681i regarding reinvestigation of disputed bankruptcy information.

**RESPONSE TO NO. 8:**

Equifax objects to this Interrogatory on the basis that the phrases "procedures" and "obligations under 15 U.S.C. §1681i" are overly broad and unduly burdensome. Equifax further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Interrogatory is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Interrogatory on the grounds that it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." See 15 U.S.C. § 1681p. Equifax objects to this Interrogatory to the extent it seeks confidential and/or proprietary trade secret information of Equifax or third-parties. Fed. R. Civ. P. 26(c). Equifax also objects to this Interrogatory on the grounds that it is more properly the subject of a deposition where specific questions may be posed and specific answers given.

Based on and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory may be determined through examination of Equifax's confidential, proprietary and or trade secret policies and procedures, which will be produced following entry of a mutually agreeable protective order governing the exchange of confidential information.

**INTERROGATORY NO. 9:**

Identify all CFPB complaints submitted by Plaintiff that were reviewed by Equifax and describe the actions taken in response.

**RESPONSE TO NO. 9:**

Equifax objects to this Interrogatory on the basis that the phrases "actions taken in response" are overly broad and unduly burdensome. Equifax further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26, considering the importance of the information in resolving the issues at stake in the action, the amount in controversy, and the fact that the burden and/or expense of the request outweighs its likely benefit. Because this Interrogatory is not tied to the specific facts of this case, the information sought is irrelevant. Equifax also objects to this Interrogatory on the grounds that it seeks information covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." See 15 U.S.C. § 1681p. Equifax objects to this Interrogatory to the extent it seeks confidential and/or proprietary trade secret information of Equifax or third-parties. Fed. R. Civ. P. 26(c). Equifax also objects to this Interrogatory on the grounds that it is more properly the subject of a deposition where specific questions may be posed and specific answers given.

Based on and without waiving these objections, after a reasonable search, Equifax has not located any CFPB Complaints submitted by Plaintiff.

**INTERROGATORY NO. 10:**

State all facts supporting each affirmative defense asserted in Equifax's Answer.

**RESPONSE TO NO. 10:**

Equifax also objects to this Interrogatory on the grounds that it is not proportional to Plaintiff's legitimate discovery needs. Equifax objects to this Interrogatory to the extent it calls for information prepared in anticipation of litigation or for information or materials covered by the attorney-client privilege, the attorney work-product doctrine and/or the joint defense privilege. Equifax further objects to this Interrogatory on the grounds that it is premature. The pleading of defenses is done by Equifax as a matter of right. Since the Complaint is couched in conclusive terms, Equifax interposed defenses at the time of the Answer that might reasonably be raised in later proceedings. The defense is made as a matter of course to preserve all possible defenses at the time the Answer is filed. Discovery is continuing in this matter; because of this, Equifax does not have sufficient facts or information upon which to fully respond to this Interrogatory at this time.

Based on and without waiving the foregoing objections, Equifax states that its defenses speak for themselves. Equifax reserves the right to supplement this answer as additional information is obtained through continuing discovery in accordance with the Federal Rules.

DATED: July 15, 2026

Respectfully submitted,

WYCHE, P.A.

By: */s/ Rita Bolt Barker*
Rita Bolt Barker (Fed. ID No. 10566)
rbarker@wyche.com
WYCHE, P.A.
200 East Broad Street, Suite 400
Greenville, South Carolina 29601
Telephone: (864) 242-8235
Facsimile: (864) 235-8900

*Counsel for Defendant*
*Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2026, I served the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES upon all counsel of record via electronic mail. A copy has also been sent via U.S. Mail to the following:

Earl Gavin, *plaintiff pro se*
P.O. Box 475
Gaffney, South Carolina 29342

*/s/ Rita Bolt Barker*
Rita Bolt Barker
*Counsel for Defendant*
*Equifax Information Services LLC*

**VERIFICATION**

I, Pamela Smith, am an employee with Equifax Inc., parent company of Equifax Information Services LLC, and am authorized to make this Verification on behalf of Equifax Information Services LLC and state that the responses set forth in the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES in the case of *Earl Gavin v. Equifax Information Services, LLC*; Case No. 7:25-cv-13975-DCC-WSB are true and correct to the best of my present knowledge, information, and belief. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This 15.00 day of July, 2026.

Pamela Smith

Pamela Smith

Ex B.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| EARL GAVIN,<br><br>Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | Case No. 7:25-cv-13975-DCC-WSB<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Equifax Information Services LLC ("Equifax") serves upon Plaintiff Earl Gavin ("Plaintiff") the following objections and responses to Plaintiff's First Requests for Production of Documents to Defendant Equifax Information Services LLC ("Requests").

**PRELIMINARY STATEMENT**

Equifax reserves its objections to each and every one of the Requests to the extent they seek the production of information that is subject to the attorney-client privilege, work product doctrine, or other privileges, or that are trial preparation materials within the meaning of Rule 26 of the Federal Rules of Civil Procedure.

Equifax will make reasonable efforts to respond to each of the Requests, to the extent that no objection is made, as Equifax understands and interprets the Request. If Plaintiff subsequently asserts any interpretation of any Request that differs from Equifax's interpretation, Equifax reserves the right to supplement its objections and responses.

A two-year statute of limitations applies to Plaintiff's claims in this case. Consequently, for purposes of responding to the Requests, Equifax will consider the relevant time period to be December 22, 2023 through December 22, 2025, the date Plaintiff filed the Complaint.

**REQUEST FOR PRODUCTION NO. 1:**

Produce Plaintiff's complete Equifax consumer file, including all internal notes, comments, codes; suppression records, and audit trails.

**RESPONSE TO NO. 1:**

Equifax objects to this Request on the grounds that it is overly broad and unduly burdensome, and disproportionate to Plaintiff's legitimate discovery needs because it is not reasonably limited to Plaintiff's claims and accounts at issue in this case, or to the allegations in the Complaint, has no bearing on the validity or legitimacy of Equifax's policies and procedures, and has no bearing on the damages to which Plaintiff believes he is entitled. Indeed, in seeking his "complete Equifax consumer file, including all internal notes, comments, codes; suppression records, and audit trails," Plaintiff is asking Equifax to replicate its entire historical credit file, without regard for its relevance to Plaintiff's allegations in this lawsuit. Equifax also objects to this Request on the grounds that it seeks documents that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Equifax further objects to this Request on the basis that it seeks documents covering a time period beyond the applicable statute of limitations that limits Plaintiff's claims to two (2) years "after the date of discovery of the violation that is the basis for such liability." See 15 U.S.C. § 1681p. Equifax further objects to this Request on the grounds that it is overly broad and does not identify the documents sought with reasonable particularity, particularly when Plaintiff's credit file is a living document.

Based on and without waiving its objections, after a reasonable search, Equifax has not located any "internal notes, comments, codes; suppression records, and audit trails."

**REQUEST FOR PRODUCTION NO. 2:**

Produce all ACDV forms, AUD forms, e-OSCAR records, dispute records, investigation records, and reinvestigation records concerning Plaintiff.

**RESPONSE TO NO. 2:**

Equifax objects to this Request on the grounds that it is overly broad and unduly burdensome, because it is not reasonably limited to Plaintiff's claims and account at issue in this case, or to the allegations in the Complaint, has no bearing on the validity or legitimacy of Equifax's policies and procedures, and has no bearing on the damages to which Plaintiff believes he is entitled. Equifax also objects to this Request on the grounds that it seeks documents that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity.

Based on and without waiving its objections, after a reasonable search, Equifax has not located any "ACDV forms, AUD forms, e-OSCAR records, dispute records, investigation records, and reinvestigation records concerning Plaintiff."

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents identifying the source of the Bankruptcy Information reported concerning Plaintiff.

**RESPONSE TO NO. 3:**

Equifax objects to this Request on the grounds that it is overly broad and unduly burdensome, because it is not reasonably limited to Plaintiff's claims and account at issue in this case, or to the allegations in the Complaint, has no bearing on the validity or legitimacy of Equifax's policies and procedures, and has no bearing on the damages to which Plaintiff believes he is entitled. Equifax also objects to this Request on the grounds that it seeks documents that are

confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity.

Based on and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory may be determined through examination of Equifax's confidential, proprietary and or trade secret policies and procedures, which will be produced following entry of a mutually agreeable protective order governing the exchange of confidential information.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all communications between Equifax and LexisNexis concerning Plaintiff.

**RESPONSE TO NO. 4:**

Equifax objects to this Request on the grounds that it is overly broad and unduly burdensome, because it is not reasonably limited to Plaintiff's claims and account at issue in this case, or to the allegations in the Complaint, has no bearing on the validity or legitimacy of Equifax's policies and procedures, and has no bearing on the damages to which Plaintiff believes he is entitled. Equifax also objects to this Request on the grounds that it seeks documents that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity.

Based on and without waiving these objections, Equifax states that pursuant to Fed. R. Civ. P. 33(d), the answer to this Interrogatory may be determined through examination of Equifax's confidential, proprietary and or trade secret policies and procedures, which will be produced following entry of a mutually agreeable protective order governing the exchange of confidential information.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents relied upon to verify the Bankruptcy Information.

**RESPONSE TO NO. 5:**

Equifax objects to this Request on the grounds that it is overly broad and unduly burdensome, because it is not reasonably limited to Plaintiff's claims and account at issue in this case, or to the allegations in the Complaint, has no bearing on the validity or legitimacy of Equifax's policies and procedures, and has no bearing on the damages to which Plaintiff believes he is entitled. Equifax further objects on the grounds that "all documents relied upon to verify the Bankruptcy Information" is ambiguous. Equifax also objects to this Request on the grounds that it seeks documents that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity.

Based on and without waiving its objections, after a reasonable search, Equifax has not located any responsive documents.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents constituting or relating to the Method of Verification requested by Plaintiff.

**RESPONSE TO NO. 6:**

Equifax objects to this Request on the grounds that it is overly broad and unduly burdensome, because it is not reasonably limited to Plaintiff's claims and account at issue in this case, or to the allegations in the Complaint, has no bearing on the validity or legitimacy of Equifax's policies and procedures, and has no bearing on the damages to which Plaintiff believes he is entitled. Equifax further objects on the grounds that "all documents containing or relating to the Method of Verification" is ambiguous. Equifax also objects to this Request on the grounds that it seeks documents that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity.

Based on and without waiving its objections, after a reasonable search, Equifax has not located any responsive documents.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all policies, procedures, manuals, training materials, and guidelines used during the relevant period concerning:

(a) bankruptcy reporting;

(b) public record reporting;

(c) reinvestigation procedures;

(d) Method of Verification requests;

(e) compliance with 15 U.S.C. §§1681e(b) and 1681i.

**RESPONSE TO NO. 7:**

Equifax objects to this Request on the grounds that it is overly broad and unduly burdensome, because it is not reasonably limited to Plaintiff's claims and account at issue in this case, or to the allegations in the Complaint, has no bearing on the validity or legitimacy of Equifax's policies and procedures, and has no bearing on the damages to which Plaintiff believes he is entitled. Equifax also objects to this Request on the grounds that it seeks documents that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity.

Based on and without waiving its objections, Equifax will agree to produce relevant policy and procedure documents for the relevant time period pursuant to a protective order entered by the Court to ensure their confidentiality.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all CFPB complaint files relating to Plaintiff.

**RESPONSE TO NO. 8:**

Equifax objects to this Request on the grounds that it is overly broad and unduly burdensome, because it is not reasonably limited to Plaintiff's claims and account at issue in this case, or to the allegations in the Complaint, has no bearing on the validity or legitimacy of Equifax's policies and procedures, and has no bearing on the damages to which Plaintiff believes he is entitled. Equifax also objects to this Request on the grounds that it seeks documents that are confidential, proprietary, trade secret, or subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity.

Based on and without waiving its objections, after a reasonable search, Equifax has not located any responsive documents.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents supporting Equifax's affirmative defenses.

**RESPONSE TO NO. 9:**

Equifax objects to this Request on the ground that it is vague, unduly burdensome, overly broad, seeks information that is not relevant to any party's claim and is not proportional to the needs of the case. Equifax also objects to this Request to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity. Equifax further objects to this Interrogatory on the grounds that it is premature. The pleading of defenses is done by Equifax as a matter of right. Since the Complaint is couched in conclusive terms, Equifax interposed defenses at the time of the Answer that might reasonably be raised in later proceedings. The defense is made as a matter of course to preserve all possible defenses at the time the Answer is filed. Discovery is continuing in this matter; because of this, Equifax does not have sufficient facts or information upon which to fully respond to this Request at this time.

Based on and without waiving the foregoing objections, Equifax states that its defenses speak for themselves. Equifax reserves the right to supplement this answer as additional information is obtained through continuing discovery in accordance with the Federal Rules.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all consumer reports furnished by Equifax concerning Plaintiff from January 1, 2024, through the present.

**RESPONSE TO NO. 10:**

Equifax objects to this Request on the grounds that it is overbroad, unduly burdensome, not limited to the relevant time period and seeks information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs. Equifax also objects to this Request to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity.

Based on and without waiving these objections, Equifax states it does not generally maintain copies of consumer reports sent to third parties and, thus, has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all records showing every third party to whom Equifax furnished Plaintiff's consumer report containing Bankruptcy Information.

**RESPONSE TO NO. 11:**

Equifax objects to this Request on the grounds that it is overbroad, unduly burdensome, not limited to the relevant time period and seeks information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs. Equifax also objects to this Request to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity.

Based on and without waiving these objections, Equifax states it does not generally maintain copies of consumer reports sent to third parties and, thus, has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents reflecting any investigation into the accuracy of Plaintiff's bankruptcy reporting after receipt of Plaintiff's disputes.

**RESPONSE TO NO. 12:**

Equifax objects to this Request on the grounds that it is overbroad, unduly burdensome, not limited to the relevant time period and seeks information that is irrelevant and disproportionate to Plaintiff's legitimate discovery needs. Equifax also objects to this Request to the extent it seeks information that is confidential, proprietary, trade secret, or protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity.

Based on and without waiving these objections, after a reasonable search, Equifax has not located any responsive documents.

DATED: July 15, 2026

Respectfully submitted,

WYCHE, P.A.

By: */s/ Rita Bolt Barker*

Rita Bolt Barker (Fed. ID No. 10566)
rbarker@wyche.com
WYCHE, P.A.
200 East Broad Street, Suite 400
Greenville, South Carolina 29601
Telephone: (864) 242-8235
Facsimile: (864) 235-8900

*Counsel for Defendant*
*Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2026, I served the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS upon all counsel of record via electronic mail. A copy has also been sent via U.S. Mail to the following:

Earl Gavin, *plaintiff pro se*
P.O. Box 475
Gaffney, South Carolina 29342

*/s/ Rita Bolt Barker*
Rita Bolt Barker
*Counsel for Defendant*
*Equifax Information Services LLC*