# UNITED STATES DISTRICT COURT

**DISTRICT OF SOUTH CAROLINA**

EARL GAVIN,

Plaintiff,

v. Civil Action No. 7:25-cv-13975-DCC-WSB

LEXISNEXIS RISK SOLUTIONS, INC., and
EQUIFAX INFORMATION SERVICES LLC,

Defendants.

**PROPOSED FIRST AMENDED COMPLAINT IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Earl Gavin ("Plaintiff"), by and through undersigned counsel, hereby files this Amended Complaint in opposition to Defendants Equifax Information Services LLC' Motion for Summary Judgment and states as follows:

## I. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Supplemental jurisdiction over Plaintiff's state-law claims is proper under 28 U.S.C. § 1367.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants conduct business here, and the wrongful conduct giving rise to this action occurred here.

## IV. FACTUAL ALLEGATIONS

### A. Background

1. Plaintiff Earl Gavin is a consumer as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c), and has maintained consumer credit files with Defendant Equifax Information Services LLC ("Equifax") and Defendant LexisNexis Risk Solutions, Inc. ("LexisNexis").

2. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and regularly assembles, maintains, evaluates, and furnishes consumer credit information to third parties for use in credit, insurance, employment, and other permissible purposes.

3.LexisNexis is an entity that collects, maintains, compiles, and distributes public-record and other consumer information to consumer reporting agencies and commercial users.

5. At all relevant times, Defendants were required to comply with the Fair Credit Reporting Act, including the duties imposed by 15 U.S.C. §§ 1681e(b), 1681g, and 1681i.

**B. Bankruptcy Reporting**

6. On or about January 15, 2024, Plaintiff discovered that Equifax was reporting bankruptcy information within Plaintiff's consumer credit file.

7. Plaintiff immediately reviewed his consumer disclosures and questioned the source, accuracy, completeness, and verification of the reported bankruptcy information.

8. Plaintiff believed the reporting required further verification and requested that Defendants identify the source and basis for the information appearing in his

consumer file.

9. Plaintiff alleges that Defendants continued to maintain and furnish the disputed bankruptcy information despite receiving notice that Plaintiff challenged its reporting.

**C. Source of the Bankruptcy Information**

10. During Plaintiff's investigation, Plaintiff contacted the United States Bankruptcy Court to determine whether the Court supplied bankruptcy information directly to consumer reporting agencies.

11.Plaintiff received correspondence stating that the Bankruptcy Court does not furnish consumer credit information to Equifax or other consumer reporting agencies.

12.Based upon that information, Plaintiff requested that Defendants identify the source from which they obtained the reported bankruptcy information.

13.Plaintiff repeatedly requested that Defendants explain the procedures used to verify the disputed information.

14. Plaintiff alleges that Defendants failed to provide sufficient information identifying the source or verification process used.

**D. Plaintiff's Written Disputes**

15.Plaintiff submitted multiple written disputes to Equifax challenging the bankruptcy information appearing on Plaintiff's consumer reports.

16. Plaintiff requested that Equifax conduct a reasonable reinvestigation as

required by the Fair Credit Reporting Act.

17. Plaintiff also submitted documentation supporting his position and requested that Equifax review all relevant information provided.

18. Plaintiff alleges that Equifax failed to conduct a reasonable reinvestigation after receiving Plaintiff's disputes.

**E. Requests for Method of Verification**

19. Following Equifax's responses to Plaintiff's disputes, Plaintiff requested a complete description of the procedures used to determine the accuracy and completeness of the disputed information pursuant to 15 U.S.C. § 1681i(a)(6)(B)(iii).

20. Plaintiff specifically requested identification of:

- the source of the bankruptcy information;
- the procedures utilized during the investigation;
- the documents reviewed;
- the entities contacted;
- the basis for continuing to report the information.

21. Plaintiff alleges that Equifax failed to provide a complete Method of Verification as required by the Fair Credit Reporting Act.

**F. CFPB Complaints**

22. After receiving responses that Plaintiff believed were inadequate, Plaintiff filed multiple complaints with the Consumer Financial Protection Bureau ("CFPB") concerning Equifax's handling of Plaintiff's disputes and reinvestigation requests.

23. Plaintiff provided Equifax additional opportunities to investigate the disputed information through the CFPB complaint process.

24. Plaintiff alleges that Defendants nevertheless continued reporting the disputed bankruptcy information without adequately addressing the issues raised.

**G. Continuing Publication**

25. Despite Plaintiff's repeated disputes, Equifax allegedly continued furnishing consumer reports containing the disputed bankruptcy information to third parties.

26. Plaintiff alleges that Defendants continued publishing the disputed information while Plaintiff's disputes remained unresolved.

27. Plaintiff contends that Defendants failed to employ reasonable procedures to assure the maximum possible accuracy of the information they reported concerning Plaintiff.

**H. Discovery Revealed Additional Issues**

28. During discovery in this action, Plaintiff requested documents and information relating to Defendants' reinvestigation of Plaintiff's disputes.

29. Plaintiff requested, among other things:

- dispute history;
- ACDV records;
- reinvestigation records;
- Method of Verification documents;
- internal investigation notes;
- communications relating to Plaintiff's disputes.

30. In response to discovery, Equifax stated that it could not locate certain

dispute-related records and other requested information. Plaintiff contends that these responses demonstrate factual disputes regarding Equifax's investigation and recordkeeping that should be resolved through discovery and trial.

**I. Credit Harm**

31. As a result of Defendants' alleged conduct, Plaintiff experienced adverse consequences relating to his consumer credit.

32. Plaintiff alleges that the continued reporting of the disputed information contributed to credit denials and negatively affected Plaintiff's ability to obtain credit on favorable terms.

32. Plaintiff's credit reputation and financial standing were allegedly damaged.

**J. Emotional Distress**

33. Plaintiff suffered emotional distress as a direct result of Defendants' alleged conduct.

34. Plaintiff experienced:

- anxiety;
- embarrassment;
- frustration;
- inconvenience;
- mental anguish;
- loss of sleep;
- stress associated with repeated efforts to correct his consumer reports.

35. Plaintiff also devoted substantial time and effort attempting to resolve the reporting issues without litigation.

**K. Defendants' Conduct**

36. Plaintiff alleges that Defendants failed to comply with their obligations under the Fair Credit Reporting Act by failing to employ reasonable procedures, failing to conduct a reasonable reinvestigation after receiving Plaintiff's disputes, failing to provide an adequate Method of Verification, and continuing to report the disputed information after Plaintiff repeatedly challenged its accuracy.

37. Plaintiff further alleges that Defendants' conduct resulted in the damages described throughout this Complaint.

**COUNT I**

**FAILURE TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY**

Violation of 15 U.S.C. § 1681e(b)

38. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this First Amended Complaint as though fully set forth herein.

38 (a). At all relevant times, Defendant Equifax Information Services LLC ("Equifax") Was a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f) and was subject to the requirements of the Fair Credit Reporting Act ("FCRA").

38 (b). Under 15 U.S.C. § 1681e(b), Equifax was required to establish, maintain, and follow reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's consumer reports before furnishing those reports to third parties.

39. The duty imposed by § 1681e(b) is an ongoing obligation that requires a consumer

reporting agency to employ procedures reasonably designed to minimize the risk of reporting inaccurate, misleading, incomplete, or otherwise unreliable information.

40. Plaintiff alleges that Equifax failed to maintain and follow reasonable procedures designed to assure the maximum possible accuracy of the information reported concerning Plaintiff.

41. Specifically, Plaintiff alleges that Equifax failed to:

a. maintain reasonable procedures to verify the accuracy and reliability of the reported bankruptcy information;

b. independently evaluate the reliability of the source upon which the bankruptcy information was based;

c. implement reasonable quality-control procedures to prevent inaccurate or misleading reporting;

d. adequately investigate information that Plaintiff repeatedly disputed;

e. maintain procedures reasonably designed to identify disputed information requiring additional investigation;

f. correct, modify, suppress, or delete disputed information when appropriate under the FCRA;

g. maintain adequate records demonstrating compliance with its statutory obligations.

42. Plaintiff repeatedly disputed the bankruptcy information reported by Equifax and informed Equifax that he believed the information was inaccurate, incomplete, or otherwise improperly reported.

43. Plaintiff also repeatedly requested that Equifax identify the source of the bankruptcy information and explain the procedures used to verify that information.

44. Despite receiving Plaintiff's disputes and supporting information, Equifax allegedly continued to furnish consumer reports containing the disputed bankruptcy information.

45. Plaintiff alleges that Equifax failed to employ procedures reasonably designed to determine whether the disputed information remained accurate after receiving Plaintiff's disputes.

46. Plaintiff further alleges that Equifax continued reporting the disputed information without implementing reasonable procedures to assure maximum possible accuracy after receiving notice that Plaintiff disputed the reporting.

47. During discovery, Equifax responded that it could not locate certain records relating to Plaintiff's disputes and investigation. Plaintiff alleges that these responses further demonstrate that factual issues remain concerning the procedures followed by Equifax in handling Plaintiff's disputes and reporting activities.

48. Whether Equifax maintained and followed reasonable procedures presents a factual question that cannot properly be resolved on a motion for judgment on the pleadings.

49. The Fourth Circuit has recognized that the reasonableness of a consumer reporting agency's procedures generally presents a question for the trier of fact. *Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409 (4th Cir. 2001).

50. Plaintiff further alleges that Equifax's procedures were unreasonable because they allegedly permitted the continued reporting of disputed information without a reasonable investigation sufficient to assure maximum possible accuracy.

51. As a direct and proximate result of Equifax's alleged failure to comply with 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to:

a. damage to his credit reputation;

b. denial of credit opportunities;

c. diminished access to favorable credit terms;

d. emotional distress;

e. frustration and inconvenience;

f. out-of-pocket expenses incurred in attempting to correct his consumer reports; and

g. other damages to be proven at trial.

52. Plaintiff is entitled to recover all remedies authorized by the Fair Credit Reporting Act, including those available under 15 U.S.C. §§ 1681n and 1681o, depending upon the evidence presented at trial.

**COUNT II**

**FAILURE TO CONDUCT A REASONABLE REINVESTIGATION**

**Violation of 15 U.S.C. § 1681i(a)**

53. Plaintiff incorporates by reference each and every preceding paragraph of this First Amended Complaint as though fully set forth herein.

54. At all relevant times, Defendant Equifax Information Services LLC ("Equifax") was a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

56. Plaintiff disputed the accuracy and completeness of the bankruptcy information appearing in his Equifax consumer file on multiple occasions and provided supporting information requesting that Equifax conduct a reasonable reinvestigation.

57. Plaintiff also requested that Equifax disclose the source of the disputed bankruptcy information and provide the method of verification used to verify the disputed

information.

58. Upon receipt of Plaintiff's disputes, Equifax had a statutory duty under 15 U.S.C. § 1681i(a)(1)(A) to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate or could no longer be verified.

59. Equifax further had a duty to review all relevant information submitted by Plaintiff in connection with his disputes as required by 15 U.S.C. § 1681i(a)(4).

60. Plaintiff alleges that Equifax failed to conduct a reasonable reinvestigation by, among other things:

a. failing to review all relevant documentation submitted by Plaintiff;

b. failing to independently verify the disputed bankruptcy information;

c. failing to adequately identify or verify the source of the disputed information;

d. failing to perform a meaningful investigation reasonably calculated to determine the accuracy of the disputed information;

e. continuing to report the disputed bankruptcy information despite Plaintiff's repeated disputes; and

f. failing to maintain records demonstrating that a reasonable reinvestigation was conducted.

61. Plaintiff further alleges that Equifax failed to comply with 15 U.S.C. § 1681i(a)(6) by failing to provide a complete description of the procedures used during its reinvestigation and by failing to provide the method of verification requested by Plaintiff.

62. During discovery, Equifax responded that it could not locate certain records relating to Plaintiff's disputes and investigation. Plaintiff alleges that these responses further demonstrate that factual issues remain regarding whether Equifax complied with its

reinvestigation obligations under the FCRA.

63. Whether Equifax conducted a reasonable reinvestigation presents a question of fact that cannot be resolved without consideration of the evidence developed through discovery.

64. As a direct and proximate result of Equifax's alleged violations of 15 U.S.C. § 1681i, Plaintiff suffered actual damages, including damage to his credit reputation, denial of credit opportunities, emotional distress, inconvenience, and other damages to be proven at trial.

**COUNT III**

**FAILURE TO PROVIDE A COMPLETE METHOD OF VERIFICATION**

**Violation of 15 U.S.C. § 1681i(a)(6)(B)(iii)**

65. Plaintiff incorporates by reference each and every preceding paragraph of this First Amended Complaint as though fully set forth herein.

66. Following Equifax's reinvestigation of Plaintiff's disputes, Plaintiff requested that Equifax provide a complete description of the procedure used to determine the accuracy and completeness of the disputed bankruptcy information, including the method of verification required by 15 U.S.C. § 1681i(a)(6)(B)(iii).

67. Plaintiff's requests sought information sufficient to identify:

a. the source of the disputed bankruptcy information;

b. the procedures utilized during the reinvestigation;

c. the person or entity that verified the disputed information;

d. the documents reviewed during the investigation; and

e. the basis upon which Equifax concluded that the disputed information should

continue to be reported.

68. Plaintiff alleges that Equifax failed to provide the information required by 15 U.S.C. § 1681i(a)(6)(B)(iii) after receiving Plaintiff's requests.

69. Plaintiff further alleges that Equifax failed to disclose sufficient information to permit Plaintiff to understand how the disputed information was investigated or verified.

70. Equifax's alleged failure to provide the required method of verification impaired Plaintiff's ability to meaningfully challenge the disputed information and to determine whether Equifax had conducted a reasonable reinvestigation.

71. Plaintiff alleges that Equifax's failure to provide the information required by 15 U.S.C. § 1681i(a)(6)(B)(iii) was part of a broader pattern of failing to adequately investigate Plaintiff's disputes and respond to Plaintiff's requests under the Fair Credit Reporting Act.

72. As a direct and proximate result of Equifax's alleged failure to comply with the statutory disclosure requirements, Plaintiff suffered the damages alleged throughout this Complaint.

72. Plaintiff is entitled to recover all relief authorized by the Fair Credit Reporting Act, including actual damages, statutory remedies where applicable, costs, and any other relief authorized by law.

**COUNT IV**

**WILLFUL NONCOMPLIANCE WITH THE FAIR CREDIT REPORTING ACT**

(15 U.S.C. § 1681n)

74. Plaintiff realleges and incorporates by reference each and every allegation

contained in the preceding paragraphs as though fully set forth herein.

75. At all relevant times, Defendant Equifax Information Services LLC was a "consumer reporting agency" within the meaning of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(f).

76. Plaintiff alleges that Equifax knowingly or recklessly failed to comply with its obligations under the FCRA, including but not limited to its duties under 15 U.S.C. §§ 1681e(b) and 1681i.

77. Despite receiving Plaintiff's written disputes, supporting documentation, requests for reinvestigation, and requests for the method of verification, Equifax continued reporting the disputed bankruptcy information without correcting, modifying, deleting, or otherwise adequately reinvestigating the disputed information.

78. Plaintiff further alleges that Equifax knowingly or recklessly failed to maintain and follow reasonable procedures designed to assure the maximum possible accuracy of the information contained in Plaintiff's consumer file.

79. Plaintiff repeatedly notified Equifax that he disputed the reported bankruptcy information and requested that Equifax disclose the source of the information and conduct a reasonable reinvestigation.

80. Despite receiving notice of Plaintiff's disputes, Equifax allegedly continued to publish the disputed information to third parties without adequately resolving Plaintiff's disputes.

81. Plaintiff further alleges that Equifax knowingly or recklessly failed to review all relevant information submitted by Plaintiff in connection with his disputes, as required by 15 U.S.C. § 1681i(a).

82. Discovery conducted in this action has revealed additional factual issues concerning Equifax's handling of Plaintiff's disputes, including responses indicating that Equifax could not locate certain dispute-related records or other information requested by Plaintiff. Plaintiff contends these responses support his allegation that factual issues remain regarding Equifax's compliance with its statutory obligations.

83. Plaintiff alleges that Equifax's conduct constituted a knowing or reckless disregard of its statutory obligations under the Fair Credit Reporting Act.

84. As a direct and proximate result of Equifax's alleged willful violations, Plaintiff suffered the damages described in this Complaint, including actual damages, damage to credit reputation, emotional distress, inconvenience, and other recoverable losses.

85. Pursuant to 15 U.S.C. § 1681n, Plaintiff seeks recovery of all remedies authorized by law, including actual damages, punitive damages if proven, costs of suit, and such other relief as the Court deems just and proper.

**COUNT V**

**NEGLIGENT NONCOMPLIANCE WITH THE FAIR CREDIT REPORTING ACT**

(15 U.S.C. § 1681o)

86. Plaintiff realleges and incorporates by reference each and every preceding paragraph of this Complaint.

87. Alternatively, and without waiving the allegations of Count IV, Plaintiff alleges that Equifax negligently failed to comply with its obligations under the Fair Credit Reporting Act.

88. Equifax owed Plaintiff statutory duties to:

- maintain reasonable procedures to assure maximum possible accuracy;

- conduct a reasonable reinvestigation after receiving notice of disputed information;
- review all relevant information submitted by Plaintiff;
- maintain records relating to its investigation of Plaintiff's disputes; and
- comply with all applicable provisions of the Fair Credit Reporting Act.

89. Plaintiff alleges that Equifax breached those duties by failing to exercise reasonable care in the preparation, maintenance, investigation, verification, and reporting of information concerning Plaintiff.

90. Plaintiff further alleges that Equifax failed to exercise reasonable care by failing to conduct a reasonable reinvestigation after receiving Plaintiff's written disputes and supporting documentation.

91. Plaintiff alleges that Equifax negligently continued to furnish Plaintiff's consumer reports containing the disputed information despite receiving repeated notice that Plaintiff contested the reporting.

92. Plaintiff further alleges that Equifax failed to implement and follow reasonable procedures sufficient to assure the maximum possible accuracy of Plaintiff's consumer information.

93. As a direct and proximate result of Equifax's negligent noncompliance with the Fair Credit Reporting Act, Plaintiff suffered actual damages, including but not limited to:

- credit denials;
- diminished credit reputation;
- loss of credit opportunities;
- out-of-pocket expenses;
- emotional distress;
- frustration;
- embarrassment;
- anxiety;
- inconvenience;
- time spent attempting to correct his consumer reports; and

- other damages to be proven at trial.

94. Plaintiff is entitled to recover all remedies available under 15 U.S.C. § 1681o, including actual damages, recoverable costs, and any other relief authorized by law.

## VI. DAMAGES

### Actual Damages

95. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

96. As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered actual damages recoverable under the Fair Credit Reporting Act, including but not limited to damages authorized by 15 U.S.C. §§ 1681n and 1681o, as applicable.

97. Defendants' failure to employ reasonable procedures to assure maximum possible accuracy, failure to conduct a reasonable reinvestigation after receiving Plaintiff's disputes, and continued reporting of disputed information caused Plaintiff to sustain financial, reputational, and emotional injuries.

### Credit and Financial Harm

98. Plaintiff's consumer reports were disseminated to third parties while containing the disputed bankruptcy information.

99. As a direct result of Defendants' conduct, Plaintiff experienced adverse credit decisions, including denials of credit and diminished access to favorable credit opportunities.

100. Plaintiff also suffered impairment of his credit reputation and creditworthiness.

101. Plaintiff lost the opportunity to obtain credit on more favorable terms, including

lower interest rates and more advantageous lending conditions.

102. Plaintiff has incurred and continues to incur financial losses resulting from Defendants' alleged FCRA violations.

### Time and Out-of-Pocket Expenses

103. Plaintiff has devoted substantial time attempting to correct the inaccurate and disputed information appearing on his consumer reports.

104. Plaintiff spent numerous hours:

- preparing written disputes;
- gathering supporting documentation;
- reviewing consumer disclosures;
- communicating with Defendants;
- preparing CFPB complaints;
- researching applicable law;
- preparing correspondence; and
- attempting to mitigate the harm caused by Defendants' conduct.

105. Plaintiff also incurred out-of-pocket expenses, including but not limited to:

- postage;
- certified mail fees;
- copying expenses;
- printing costs;
- office supplies;
- transportation expenses; and
- other reasonable costs associated with attempting to correct his consumer reports.

### Emotional Distress

107. Defendants' conduct caused Plaintiff substantial emotional distress.

108. Plaintiff experienced:

- anxiety;
- frustration;
- humiliation;

- embarrassment;
- stress;
- mental anguish;
- inconvenience; and
- loss of peace of mind.

109. Plaintiff's emotional distress was directly related to Defendants' alleged failure to fulfill their statutory obligations under the FCRA despite receiving notice that Plaintiff disputed the reported information.

110. Plaintiff experienced continuing concern regarding his financial reputation, credit standing, and ability to obtain future credit.

### Damage to Reputation

111. Publication of the disputed information to third parties harmed Plaintiff's reputation for financial responsibility.

112. Plaintiff suffered injury to his reputation within the consumer credit marketplace.

### Continuing Harm

113. The damages suffered by Plaintiff are ongoing because Defendants continued to report the disputed information after Plaintiff repeatedly disputed its accuracy and requested reinvestigation.

114. Plaintiff continues to experience the effects of Defendants' alleged statutory violations.

## VII. WILLFUL VIOLATIONS

115. Plaintiff alleges that Defendants' violations of the Fair Credit Reporting Act were willful within the meaning of 15 U.S.C. § 1681n.

116. Despite receiving Plaintiff's written disputes, supporting documentation, and

requests for reinvestigation, Defendants allegedly continued reporting the disputed information without conducting a reasonable investigation as required by the FCRA.

117. Plaintiff alleges that Defendants acted knowingly or in reckless disregard of their obligations under the Fair Credit Reporting Act.

118. As a result of Defendants' alleged willful violations, Plaintiff seeks all relief available under 15 U.S.C. § 1681n, including actual damages, punitive damages where authorized, costs, and any other relief permitted by law.

**VIII. NEGLIGENT VIOLATIONS**

119. Alternatively, Plaintiff alleges that Defendants negligently failed to comply with their obligations under the Fair Credit Reporting Act.

120. Defendants allegedly failed to exercise reasonable care in maintaining reasonable procedures, conducting reinvestigations, and handling Plaintiff's disputes.

121. As a direct and proximate result of those alleged negligent violations, Plaintiff suffered the damages described above.

122. Plaintiff therefore seeks all relief authorized under 15 U.S.C. § 1681o, including actual damages and recoverable costs.

**IX. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and award:

A. Actual damages in an amount to be determined by the trier of fact;

B. Statutory relief authorized by the Fair Credit Reporting Act, where applicable;

C. Punitive damages under 15 U.S.C. § 1681n, if Plaintiff establishes a willful violation;

D. Costs of this action as authorized by law;

E. Reasonable attorney's fees to the extent authorized by statute and applicable if Plaintiff later becomes represented by counsel;

F. Prejudgment and post-judgment interest as permitted by law;

G. Such declaratory or other relief as is authorized by law and appropriate to the claims asserted; and

H. Any other relief the Court deems just and proper.

**VII. JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Earl Gavin/Pro se